## IN THE OREGON TAX COURT

## DOUGLAS COUNTY, OREGON
*v.*
## DEPARTMENT OF REVENUE
(TC 3167)

Paul E. Meyer, Assistant County Counsel, Douglas County, Roseburg, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered June 11, 1992.

**CARL N. BYERS, Judge.**

This matter is before the court on Cross Motions for Summary Judgment. The parties agree the facts present an issue of statutory construction.

In 1988, the owner of a 144-acre farm in Douglas County needed assistance in operating the farm. The owner applied to the County Planning Director for permission to establish a second single-family dwelling. The application was granted for a dwelling in conjunction with farm use. In May, 1989, a mobile home was placed on the property creating the homesite. The Douglas County Assessor disqualified the one-

acre homesite from farm use assessment and imposed the roll-back penalty under ORS 308.399. The owner appealed to defendant which, after hearing, concluded the assessor was wrong. Plaintiff then appealed to this court.

## ISSUE

Is the roll-back penalty provided by ORS 308.399[1] imposed when land is changed from farm use to homesite use in conjunction with farm use?

Over 25 years ago, the legislature determined to provide special assessment for farmland based on its income from agricultural use. Or Laws 1960, ch 622, § 1, codified at ORS 308.345. The resulting lower assessed value placed less pressure on the farmers to sell or convert their lands to other uses.[2] The legislature did, however, impose penalties for conversion of the land from farm use to other uses. ORS 308.395.

A problem from the beginning was the treatment of homesites. Initially, the courts were called upon to decide the status of land under a residence. The Supreme Court decided that a farm residence was not farm use. *Chapin v. Dept. of Rev.*, 290 Or 931, 936, 627 P2d 480 (1981). This decision was based on the statute governing the use of land in exclusive farm-use (EFU) zones. *Id.* at 935. ORS 215.213(1)(e) (1977 Replacement Part) provided that "dwellings customarily provided in conjunction with farm use" were a "nonfarm use" that were permissible in an EFU zone.

While *Chapin* was pending, the legislature responded to the problem by amending ORS 215.203(2)(b)(F) to include "land under dwellings customarily provided in conjunction with farm use" as a farm use. Or Laws 1979, ch 480, § 1. If this statute had not been changed, there would be no dispute between the parties in this case. However, the 1987 legislature again modified the law. It repealed ORS 215.203(2)(b)(F), Or Laws 1987, ch 305, § 4, and in its place enacted ORS 308.377, Or Laws 1987, ch 305, § 2, which provides:

---

[1] Citations to statutes and regulations are to the 1987 Replacement Part unless otherwise noted.

[2] For background discussion, *see* Carlisle B. Roberts, *The Taxation of Farm Land in Oregon*, 4 Willamette LJ 431 (1967).

"(1)  To determine homesite value for purposes of ORS 308.345 and 308.372 the maximum value of a homesite is: True cash value as provided in ORS 308.205 for the bare land of the total parcel and contiguous acres under same ownership divided by the number of acres in the total parcel and contiguous acres under the same ownership, plus $4,000 or the depreciated replacement cost of land improvements necessary to establish the homesite, whichever is less.

"(2)  For the purposes of establishing a homesite value, the value of one acre of land for each homesite, as determined in subsection (1) of this section shall be used.

"(3)  As used in this section, 'homesite' means the land, including all tangible improvements to the land and all intangible assets to the land, under and adjacent to a dwelling and other structures, if any, which are customarily provided in conjunction with the dwelling."

■    As plaintiff points out, in essence, we now have two kinds of specially assessed land. Farmland, which is specially assessed on its income, and farm homesites, which is assessed based on a proportion of a parcel's real market value, plus an amount for improvements. Since a farm homesite is now a form of special assessment, the legislature has also provided for its disqualification. ORS 308.378 provides that the homesite will be disqualified if it is not used in conjunction with farm use or is used for a nonfarm purpose. However, the statute provides for roll-back penalties only if the homesite is partitioned from the rest of the farmland.

Plaintiff contends that providing special assessment for a farm homesite does not protect or shield that land from the roll-back penalty when it is disqualified from farm use. Plaintiff reasons that since a dwelling customarily provided in conjunction with farm use is listed as a permitted use in an exclusive farm-use zone, it is nonfarm use. *See* ORS 215.213(1)(g). Therefore, following plaintiff's logic, when land is changed from farm use to a homesite, it is disqualified from farm use and incurs the roll-back penalty.

Plaintiff's arguments must be viewed in context. In addition to the above statutes, the 1987 legislature enacted ORS 308.382. That statute provides a roll-back penalty shall be imposed on land in an EFU zone which becomes disqualified if the use is inconsistent with the return of the land to

farm use. Land which is disqualified by a use which is not inconsistent with its return to farm use does not incur the penalty. The penalty becomes a potential liability. In addressing the issue of disqualification and the penalty, subsection 4 addresses the homesite issue. That provision states:

> "This section shall not apply to a homesite to which ORS 308.377 and 308.378 apply * * *." ORS 308.382(4).

■ Defendant views this law as providing that land changed from farm use to residential use in conjunction with farm use does not incur a roll-back penalty. While residential use is inconsistent with returning land to farm use, a farm homesite, used in conjunction with farm use, is a special category or type of farm use for which no roll-back penalty should be imposed.

■ In summary, plaintiff's view is that a homesite provided in conjunction with farm use constitutes a nonfarm use. The court disagrees. The roll-back penalty, as evidenced by ORS 308.382, is to penalize parties for using land inconsistent with farming. A homesite in conjunction with farm use is not inconsistent with the purpose of the statute. To the contrary, the establishment of a homesite in conjunction with farm use is to implement the statute. Under plaintiff's view, the legislature's removing homesites in conjunction with farm use from the list of farm uses would have automatically disqualified all of the existing homesites. This does not seem reasonable. The court notes that ORS 308.377, which provides for homesites in conjunction with farm use, specifically refers to ORS 308.345 and to 308.372. Subparagraph 3(a)(A) of ORS 308.377 expressly provides:

> "Land under dwellings customarily provided in conjunction with the farm use of farmland described in subsection (1) of this section, shall be assessed at the value determined under ORS 308.377 if the farmland was operated as part of a farm unit that produced over one-half of the adjusted gross income of the owner or owners in the year prior to the year an application is filed under this subsection." ORS 308.372 (3)(6)(A).

In 1987, the legislature changed the status of a residential homesite in conjunction with farm use. It removed it from land defined as farm use and established it as an approved use in conjunction with farming. The court finds

that the legislature did not intend for a roll-back penalty under ORS 308.399 to be applied to land which is converted from farm use to residential use in conjunction with farm use. Such use is consistent with the purposes of the special assessment statutes for farm use. Now, therefore,

IT IS ORDERED that defendant's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that plaintiff's Motion for Summary Judgment is denied.

Costs to neither party.