Argued and submitted March 5, judgment of the Tax Court affirmed May 27, 1993

## DOUGLAS COUNTY, OREGON,
*Appellant,*

*v.*

## DEPARTMENT OF REVENUE, STATE OF OREGON,
*Respondent.*

(OTC 3167; SC S39455)

852 P2d 181

Paul E. Meyer, Assistant Douglas County Counsel, Roseburg, filed the briefs and waived oral argument for appellant.

Ted Barbera, Assistant Attorney General, Salem, filed the brief and argued the cause for respondent. Also on the brief was Charles S. Crookham, Attorney General, Salem.

Joseph H. Hobson, Jr., of Lien, Hobson & Johnson, Keizer, filed a brief in behalf of *amicus curiae* Oregon Farm Bureau Federation.

CARSON, C. J.

## CARSON, C. J.

In this case, we construe statutes regarding real property taxation. We hold that the "roll-back penalty" of ORS 308.399[1] may not be imposed under the facts of this case because, here, farmland was converted to a statutorily-exempt "homesite." Therefore, the judgment of the Tax Court is affirmed.

The parties do not dispute the facts as stated by the Tax Court:

"In 1988, the owner of a 144-acre farm in Douglas County needed assistance in operating the farm. The owner applied to the [Douglas] County Planning Director for permission to establish a second single-family dwelling. The application was granted for a dwelling in conjunction with farm use. In May, 1989, a mobile home was placed on the property creating the homesite. The Douglas County Assessor disqualified the one-acre homesite from farm use assessment and imposed the roll-back penalty under ORS 308.399. The owner appealed to [the Department of Revenue] which, after hearing, concluded the assessor was wrong. [Douglas County] then appealed to [the tax] court." *Douglas County v. Dept. of Rev.*, 12 OTR 243, 243-44 (1993).

The Tax Court granted summary judgment for the Department of Revenue (department), affirming the department's opinion and order in favor of the taxpayer. 12 OTR at 243. On timely appeal by Douglas County, this court now reviews the matter *de novo*. ORS 305.445.

---

[1] ORS 308.399 provides for a special penalty when land formerly specially assessed as farm use land is disqualified from that status. The so-called "roll-back penalty" is calculated according to the statutory formula set out in ORS 308.399(1):

"Except as otherwise provided * * *, when land which has received special assessment as farm use land under ORS 308.370(1) thereafter becomes disqualified for such assessment under ORS 308.397, the assessor shall notify the owner thereof and there shall be added to the tax extended against the land on the next general property tax roll, to be collected and distributed in the same manner as the remainder of the real property tax, an additional tax equal to the difference between the taxes assessed against the land and the taxes that would otherwise have been assessed against the land had the land not been in farm use for each of the last 10 years (or such lesser number of years, corresponding to the years of farm use zoning applicable to such property) preceding the year in which the land was disqualified for farm use assessment."

In Oregon, qualifying farmland is assessed for property tax purposes by a special formula, or "farmland assessment." ORS 308.370(1). The farmland assessment was designed to exclude values attributable to urban influences or land speculation purchases. ORS 308.345(1).

Before 1987, the land beneath farm dwellings was considered, for property tax purposes, to be farmland. *Former* ORS 215.203(2)(b)(F) (1979). The 1987 legislature repealed *former* ORS 215.203(2)(b)(F), enacting in its place a new statutory formula ("homesite assessment"), Or Laws 1987, ch 305, § 2, codified at ORS 308.377.[2] The new formula values farm homesites at a rate higher than the farmland rate but usually lower than the nonfarm residential property rate. The 1987 legislature also provided for disqualification of farm homesites from the special assessment when the homesites no longer had a farm purpose. That statute, ORS 308.378, provides:

"(1)   A homesite shall be assessed at real market value as defined in ORS 308.205 [as opposed to the special farm homesite value defined in ORS 308.377] if the dwelling:

"(a)   Is not being used in conjunction with farm use; and

"(b)   Is used for a nonfarm purpose; however, vacancy does not constitute a change in use.

"(2)   If a homesite becomes disqualified from special assessment under the provisions of subsection (1) of this section, * * * no additional tax shall be imposed under ORS 308.395 or 308.399 [the roll-back penalty] upon the owner of

---

[2] ORS 308.377 provides:

"(1)  To determine homesite value for purposes of ORS 308.345 and 308.372 [describing computation of assessed values for farmland] the maximum value of a homesite is: Real market value as provided in ORS 308.205 for the bare land of the total parcel and contiguous acres under same ownership divided by the number of acres in the total parcel and contiguous acres under the same ownership, plus $4,000 or the depreciated replacement cost of land improvements necessary to establish the homesite, whichever is less.

"(2)  For the purposes of establishing a homesite value, the value of one acre of land for each homesite, as determined in subsection (1) of this section shall be used.

"(3) As used in this section, 'homesite' means the land, including all tangible improvements to the land and all intangible assets to the land, under and adjacent to a dwelling and other structures, if any, which are customarily provided in conjunction with the dwelling."

that land. The remaining qualifying portion of the parcel shall be valued as specially assessed."[3]

Under ORS 308.378(1), a change in homesite valuation is triggered when the use of a dwelling is changed from farm to nonfarm use, but, under ORS 308.378(2), the roll-back penalty does *not* apply.

The county agrees that the land beneath a dwelling on a farm, if used for farm purposes such as housing farm laborers or operators, is a farm homesite, subject to farm homesite valuation under ORS 308.377. The county also agrees that, in the absence of partition, no roll-back penalty applies if the use of a farm homesite changes from farm use to some other permitted use. The county argues, however, that the *initial conversion* of farmland to farm homesite justifies disqualification from farm homesite assessment treatment and triggers imposition of the roll-back penalty. The argument goes this way: *After* a farmer gets permission to build a second dwelling on the farmland, but *before* the dwelling is built, that land is *not* a homesite and it is *not* farmland, rather it is bare land that does not qualify for the farm homesite assessment. As bare land, it is not subject to the ORS 308.378(2) shelter for changing use of *homesites*, so the ORS 308.399 roll-back penalty is triggered.

The county's construction may be plausible, but we reject it in light of the statute's text and its context. Homesite is defined in ORS 308.377(3) as "land and all intangible assets to the land, under and adjacent to a dwelling and other structures, if any, which are customarily provided in conjunction with the dwelling." The county is correct, then, that farmland cannot be a "homesite" without a "dwelling." What proves too much is the county's contention that a portion of farmland on which a dwelling is planned to be built at a future time is no longer farmland.

Roll-back penalties applicable to farmland are the subject of ORS 308.382. That statute imposes a roll-back penalty on farmland disqualified for special farmland assessment because it is being used for "industrial, commercial,

---

[3] There is an exception to the provision blocking the roll-back penalty if land is partitioned as allowed under ORS 215.263(4). That exception is not pertinent to this opinion.

residential, or other use or uses inconsistent with a purpose to return the use of the land to use as farmland." ORS 308.382(1). The penalty is not imposed simply because land lies fallow or nearly so for a time; there must be an actual ongoing *use* inconsistent with farming. Land that lies fallow while its owners plan building a dwelling on it is not then being used in a manner inconsistent with farming. Moreover, ORS 308.382(4) explicitly excludes from the penalty farm homesites as described by ORS 308.377 and 308.378 and parcels of land described under ORS 215.236(4) (parcels "upon which the establishment of a dwelling has been tentatively approved").

Considering the statutes together, we conclude that the legislature made its purpose clear: It did not intend to impose the roll-back penalty on farmers establishing newly qualifying farm homesites on existing farms *or* on farmers whose homesites later are disqualified from the farm homesite assessment. The county offers no evidence of a legislative intent to impose a roll-back penalty on farm homesites other than its strained reading of the statutes. To the contrary, as the Tax Court stated:

> "The roll-back penalty, as evidenced by ORS 308.382, is to penalize parties for using land inconsistent with farming. A homesite in conjunction with farm use is not inconsistent with the purpose of the statute." *Douglas County v. Dept. of Rev., supra*, 12 OTR at 246.

The argument by Douglas County is not well taken. The roll-back penalty of ORS 308.399 does not apply at the time a farmer converts farmland to a farm homesite.

The county asserts that this construction of the statute creates a "loop-hole" by which a farmer could avoid the roll-back penalty that otherwise would be imposed if the farmer established a church or school[4] on the farm. To take advantage of this "loop-hole," a farmer first would make the building intended for church or school use a farm dwelling and later allow it to be disqualified. Without the "loop-hole," the change in use would trigger the roll-back penalty, ORS

---

[4] Churches and schools are permitted uses in exclusive farm use zones. ORS 215.283.

308.382, but the temporary use of the land as a qualifying homesite would shelter it from the penalty.

Assuming that the county's hypothetical argument is correct, the existence of a potential abuse of the statutory shelter for farm homesites does not persuade us that the legislature did not intend the statutory scheme that it so clearly created.

The judgment of the Tax Court is affirmed.