IN THE OREGON TAX COURT

Russel L. WRIGHT

*v.*

DEPARTMENT OF REVENUE

(TC 3331)

Plaintiff appeared *pro se.*

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered August 3, 1993.

### CARL N. BYERS, Judge.

The Columbia County Assessor disqualified plaintiff's property from special farm-use assessment for the 1991-92 tax year on the ground that the dwelling was a nonresource dwelling. Plaintiff appeals from defendant's order upholding the disqualification and the resulting additional taxes.[1]

## ISSUE

The issue is whether a dwelling located on a parcel which is not used for farm use can qualify as a dwelling used in conjunction with farm use.

___

[1] Additional taxes of $3,573.36 were imposed by the assessor in the 1991-92 tax year. The question of whether the additional taxes can be imposed if they exceed the limitations of Article XI, section 11b, of the Oregon Constitution was not raised before the court. *See* Op Att'y Gen. No. 8216, 26-29 (Sept. 7, 1990).

## FACTS

The parties have stipulated to the facts. Plaintiff's uncle owned a tract of farmland in Columbia County. The land is zoned Primary Agriculture-38, an exclusive farm-use (EFU) zone, with a minimum lot size of 38 acres. On October 26, 1988, plaintiff applied for a variance from the minimum lot size to segregate a 15.4-acre parcel from the larger tract owned by his uncle. On the same date, plaintiff applied for a conditional-use permit to build a dwelling on the 15.4-acre parcel.

After public notice and hearing on December 12, 1988, the Columbia County Board of Adjustment approved the variance and adopted the findings, conclusions and conditions stated in the staff report. On December 27, 1988, the Columbia County Planning Commission approved the conditional-use permit to build a nonresource dwelling on the 15.4 acres.

## THE LAW

Land not used for farm use is not entitled to special farm-use assessment. When the use of land receiving special farm-use assessment is changed, it is subject to additional taxes under ORS 308.399(1) (1991 Replacement Part).[2] However, dwellings established in conjunction with farm use are not subject to the additional taxes. *Douglas County v. Dept. of Rev.*, 12 OTR 243 (1992), *aff'd* 316 Or 383, 852 P2d 181 (1993).

The dispute in this case arises from the staff report prepared for the Planning Commission. Although the report found the dwelling is in conjunction with farm use, it identified the application as a "nonresource dwelling," which is a dwelling *not* in conjunction with farm use. The final order granting the conditional use characterized it as a nonresource dwelling.

ORS 215.213 describes several types of dwellings in conjunction with farm use which may be allowed in an exclusive farm-use zone. There are various conditions associated with each category. Some of these are:

---

[2] Unless otherwise noted, all citations to the Oregon Revised Statutes are to the 1987 Replacement Part.

    1.   On the same lot or parcel as the dwelling of the primary farm operator and occupied by a relative (ORS 215.213(1)(e));

    2.   On a parcel which is managed as part of a farm not smaller than a minimum lot size in the EFU zone (ORS 215.213(1)(g));

    3.   A mobile home in conjunction with an existing dwelling (ORS 215.213(1)(j));

    4.   A replacement dwelling where the original dwelling is listed as historic property (ORS 215.213(1)(p));

    5.   On a 20-acre or more parcel managed as part of a farm operation (ORS 215.213(2)(a));

    6.   On a parcel less than 20 acres if it produces $10,000 or more in gross income. (ORS 215.213(2)(b).)

Plaintiff does not qualify under any of these categories. The 15.4 acres on which plaintiff's dwelling is located are not suitable for farming.[3]

Plaintiff's dwelling falls within the provisions of ORS 215.213(3) which is a single-family dwelling *not* in conjunction with farm use. Such use may be established in an EFU zone if the dwelling is situated on land unsuitable for farm use. While there are other conditions that must be met, including approval by the governing body, all of those conditions are consistent with plaintiff's property and the findings here.

Plaintiff has submitted a letter from a Columbia County planner which explains that, based on Columbia County Zoning Ordinance, Section 303.14, the subject dwelling is in conjunction with farm use. That ordinance allows a dwelling in conjunction with farm use which is located on a "contiguous ownership." However, one condition the ordinance requires is:

> "E.   The dwelling is to be used in conjunction with an existing commercial farm use *on the parcel*." (Emphasis added.)

---

[3] In a nonexclusive farm-use zone, such property would qualify for special farm-use assessment only if it were held in common ownership with an operating farm which met certain conditions. ORS 308.372(3)(a)(B) (1991 Replacement Part).

■      Plaintiff's dwelling is not used in conjunction with an existing commercial farm use on the parcel. If it is used in conjunction with farm use, it is in conjunction with a farm use on another parcel, not the subject parcel.

Based on the above findings, defendant's Opinion and Order No. 91-1326 must be sustained. Costs to neither party.