IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

KEVIN D. WAIT and K'LYNN M. WAIT,   )
                                       )
           Plaintiffs,           )   TC-MD 160298N
                                         )
      v.                    )
                                       )
CLATSOP COUNTY ASSESSOR,       )
                                       )
           Defendant.      )   **FINAL DECISION[1]**

Plaintiffs appeal Defendant's notice disqualifying from special assessment, for the 2016-17 tax year, a one-acre homesite within property identified as Tax Lot 507280000103 (subject property).[2]  (Compl at 2-3.)  A telephone trial was held on January 30, 2017.  Kevin D. Wait (Wait) appeared and testified on behalf of Plaintiffs.  Catherine Harper and Lisa Lindberg (Lindberg) appeared on behalf of Defendant.  Lindberg, Appraiser II, testified on behalf of Defendant.  Plaintiffs' Exhibits 1 to 4 and Defendant's Exhibits A to D were received without objection.

I.  STATEMENT OF FACTS

The parties agree that the subject property is approximately 70 acres of exclusive farm use (EFU) zone land located in the Nehalem River Valley that is primarily pastureland with a wood lot of approximately 10.5 acres.  (*See* Def's Ex A at 3-4.)  The subject property also includes a fenced area of approximately 4.5 acres upon which a manufactured home was situated until 2014.  (*See id.* at 3.)  Wait testified that the manufactured home was placed on the subject

---

[1] This Final Decision incorporates without change the court's Decision, entered June 23, 2017.  Plaintiffs filed a Statement for Costs and Disbursements on July 7, 2017, requesting an award of $252, the cost of the filing fee.  *See* Tax Court Rule-Magistrate Division (TCR-MD) 16C(1).  The court did not receive an objection to that request within 14 days after its Decision was entered.  *See* TCR-MD 16C(2).

[2] The subject property, Tax Lot 507280000103, is split into two property tax accounts 3624 and 3625. (Compl at 1; Def's Ex A at 3.)  The homesite at issue is on Account 3625.  (Compl at 2.)

property in 1992 and removed in 2014. "The established vacant home site has been developed with water, electricity, septic and has access from the paved two-lane Highway 103." (*Id.*) The parties agree that a 1,728-square-foot structure is also situated within the 4.5-acre fenced area. (*See id.*) Wait testified that the structure is a "machine shed" in which he stored tractors, spray buggies, and similar equipment. Lindberg described the structure as a "general purpose building." (*See id.*) Lindberg testified that cattle cannot access the 4.5-acre fenced off area within the subject property. (*See also id.*) Wait disagreed, testifying that cattle could access that area.

Wait testified that he acquired the subject property from his father in 2008 and, at that time, the subject property received farm use special assessment and a one-acre homesite special assessment for the land under the manufactured home. Defendant disqualified the one-acre homesite from special assessment for the 2016-17 tax year, giving the following reasons in its notice: (1) "The home site is no longer used in conjunction with special assessment, ORS 308A.259[;]" and (2) "The dwelling is no longer habitable." (Ptfs' Ex 1.) Lindberg testified that Defendant did not disqualify the remaining 3.5-acre fenced area from special assessment.

Wait testified that the entirety of the subject property is used for farm use – specifically, cattle grazing – and the remainder receives farm use special assessment. He testified that no "non-farm use" is made of the subject property. Wait testified that he leases the subject property to another individual who grazes cattle; the lease is oral. Wait testified that he is obligated to maintain the fence lines, so he does some mowing and spraying. He testified that, when he performs that maintenance, he stays in a trailer on the one-acre homesite.

/ / /

/ / /

Lindberg testified that she inspected the subject property and observed that it was being mowed and, presumably, held for a future dwelling. She testified that holding the subject property for a future dwelling is a non-farm use; she characterized that as "residential use." Lindberg testified that Wait told her that he was going to place another manufactured home on the subject property for his son to live in. She acknowledged that Wait made that statement after disqualification, so it was not the reason for the disqualification. Lindberg testified that a new dwelling placed on the subject property and used in conjunction with farm use *would* qualify for homesite special assessment. However, merely having a home on farm land is insufficient for special assessment. Wait testified that he is unsure whether he can place a new dwelling on the subject property.

Wait and Lindberg each provided excerpts from the Oregon Department of Revenue's Farm Use Manual. (Ptfs' Ex 3; Def's Ex A at 22.) Wait highlighted text stating that "[l]and under homesites that are no longer habitable may be assessed as a farm related storage building if used as part of the farm operation." (Ptfs' Ex 3.) Lindberg highlighted text stating that "[e]xisting specially assessed farm homesites that are vacant shall continue to qualify for special assessment *as long as the homesite remains habitable*." (Def's Ex A at 22 (emphasis added by Defendant).) Defendant also highlighted several statements that a farm homesite must be used in conjunction with farm use special assessment to qualify for homesite special assessment. (*Id.*)

Lindberg completed an appraisal of the subject property to determine its real market value, including the value attributable to the disqualified one-acre homesite. (Def's Ex A.) She testified that the subject property's highest and best use is "farmland with a potential homesite." (*See also id.* at 4.) Lindberg concluded that the subject property's real market value as of January 1, 2016, was $458,595, with $45,634 allocated to the one-acre homesite with onsite

developments.  (*See id.* at 5-6, 26.[3])  The 2016-17 tax roll real market value was $567,053.  (*See id.* at 3, 26.)

## II.  ANALYSIS

The issue before the court is whether one acre of the subject property was properly disqualified from homesite special assessment under ORS 308A.259 for the 2016-17 tax year.[4]

Plaintiffs are the party seeking affirmative relief and, therefore, must prove their case by a preponderance of the evidence.  ORS 305.427.  "Preponderance of the evidence means the greater weight of evidence, the more convincing evidence."  *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971).

A.      *Homesite Special Assessment – Qualification and Disqualification*

> "Before 1987, the land beneath farm dwellings was considered, for property tax purposes, to be farmland. * * * The 1987 legislature repealed [the former statute], enacting in its place a new statutory formula ("homesite assessment") * * * [that] values farm homesites at a rate higher than the farmland rate but usually lower than the nonfarm residential property rate.  The 1987 legislature also provided for disqualification of farm homesites from the special assessment when the homesites no longer had a farm purpose."

*Douglas County v. Dept. of Rev.*, 316 Or 383, 386, 852 P2d 181 (1993) (citations omitted).[5]

A "homesite" is defined as "land described in ORS 308A.253, including all tangible improvements to the land under and adjacent to a dwelling and other structures, if any, that are customarily provided in conjunction with the dwelling."  ORS 308A.250(3).  "Land under dwellings located within an [EFU] zone and used in conjunction with farm use shall qualify for

---

[3] In her reconciliation, Lindberg wrote that $45,252 should be allocated to the one-acre homesite.  (Def's Ex A at 26.)  That appears to be a typographical error; $45,252 was the low end of the value range indicated by her market approach.  (*See id.* at 6-7.)

[4] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

[5] The homesite special assessment statutes were formerly ORS 308.376 to 308.378.  Those statutes were renumbered ORS 308A.253 to ORS 308A.259 in 1999.

special assessment under ORS 308A.256." ORS 308A.253(2). Use of a dwelling "in conjunction with farm use" includes use of the dwelling by an owner "who is engaged in the operation of the farm use land"; by an employee of the owner "who is employed in connection with the farming operation"; or by another "person who is involved in the farming operation." ORS 308A.253(6). No application is required "to receive the special assessment on a qualified homesite situated on" an EFU zone farm use parcel. OAR 150-308-1130(2).

ORS 308A.259(1)(b) sets forth two requirements for disqualifying a farm homesite from special assessment. It states:

> "(1) A homesite shall be disqualified from [special] assessment under ORS 308A.256 and shall be assessed at the assessed value under ORS 308.146 if the dwelling:
>
> "* * * * *
>
> "(b)(A) Is not being used in conjunction with farm use; and
>
> "(B) Is used for a nonfarm purpose; however, vacancy does not constitute a change in use."

In order to conclude that disqualification of the subject property was proper, the court must find that both requirements for disqualification are satisfied because they are connected by the word "and." *See Preble v. Dept. of Rev.*, 331 Or 320, 325, 14 P3d 613 (2000).

B.      *Disqualification of the Subject Property's Homesite from Special Assessment*

Defendant's notice gave two reasons for disqualifying the subject property's homesite from special assessment: (1) "The homesite is no longer used in conjunction with special assessment, ORS 308A.259[;]" and (2) "The dwelling is no longer habitable." (Ptfs' Ex 1.) The first reason matches the first requirement for disqualification in ORS 308A.259(1)(b)—that the dwelling "is not being used in conjunction with farm use." However, Defendant's notice does not address the second requirement in the disqualification statute – that the dwelling be "used for

a nonfarm purpose." At trial, Lindberg testified that Plaintiffs' "nonfarm" use of the subject property's homesite was holding the subject property for a future dwelling. Upon further questioning, she acknowledged that a future dwelling placed on the subject property would qualify for homesite special assessment if it were used in conjunction with the subject property's farm use.

For purposes of this analysis, the court will accept Defendant's determination that the subject property "dwelling" was no longer "being used in conjunction with farm use." The question becomes whether removal of a farm dwelling and holding the land for a future possible dwelling constitutes "use for a nonfarm purpose" under ORS 308A.259(1)(b)(B).

In *Douglas County v. Dept. of Rev.*, the Oregon Supreme Court considered whether the county assessor could impose a "roll-back penalty" when "farmland" was converted to "farm homesite." 316 Or at 387. The court summarized the county's argument as follows: "*After* a farmer gets permission to build a second dwelling on the farmland, but *before* the dwelling is built, that land is *not* a homesite and it is *not* farmland, rather it is bare land that does not qualify for the farm homesite assessment." *Id.* (emphasis in original). The court rejected the county's argument in light of the statutory text and context, disagreeing that "a portion of farmland on which a dwelling is planned to be built at a future time is no longer farmland." *Id.* Noting that the roll-back penalty was imposed only as a result of "ongoing *use* inconsistent with farming," the court reasoned that "[l]and that lies fallow while its owners plan building a dwelling on it is not then being used in a manner inconsistent with farming." *Id.* at 388 (emphasis in original).

Although the decision in *Douglas County v. Dept. of Rev.* does not control the outcome of this case, the court's reasoning is persuasive, particularly its conclusion that land lying fallow while its owners plan to build a farm dwelling is not inconsistent with farm use. Applying that

reasoning to this case leads to the conclusion that Plaintiffs' activity of holding the land while determining whether to add a new dwelling to it is not a "nonfarm purpose." Moreover, Wait testified that he used the vacant homesite to support farm activities: specifically, he stayed in his trailer on the homesite when he performed work to maintain the fence lines. Defendant raised the possibility that Plaintiffs might add a new dwelling for use by their son. That is a possible future event that has no effect on the outcome of this appeal for the 2016-17 tax year.

Defendant also asserted that disqualification is proper because a nonexistent dwelling is not habitable. The court finds no habitability requirement in the disqualification statute and infers that Defendant found that requirement in the Farm Use Manual, which is "a guide to assist counties with interpretation of farm use laws and administrative rules." (Farm Use Manual at 1-1 (2014).)

It is true that, in order to *qualify* a homesite for special assessment, a dwelling must exist and be used in conjunction with farm use. *See* ORS 308A.253(2) ("[l]and under *dwellings*" (emphasis added)); *see also Douglas County v. Dept. of Rev.*, 316 Or at 387 ("The county is correct, then, that farmland cannot be a 'homesite' without a 'dwelling.'"). Even though land must include a dwelling to qualify initially as a "homesite" for special assessment purposes, there is no provision in the statute that removal of a dwelling disqualifies a homesite, absent some nonfarm use. *See* ORS 308A.259(1).

That is in contrast with other statutes that require disqualification of land from special assessment when the land ceases to meet the qualification requirements.[6] *See, e.g.,* ORS 308A.113(1) (requiring the assessor to disqualify EFU land from special assessment upon "the

---

[6] Under the homesite special assessment statutes, a dwelling that becomes vacant may not be disqualified from special assessment. ORS 308A.259(1)(b)(B). However, it is questionable whether land under a vacant dwelling would qualify for homesite special assessment given the requirement that the homesite be "used in conjunction with farm use." ORS 308A.253(2).

discovery that the land is no longer being used as farmland."). When interpreting a statute, the court must not "insert what has been omitted, or * * * omit what has been inserted." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993), citing ORS 174.020. Thus, the court concludes that the lack of a habitable dwelling on the subject property is not a basis for disqualification from special assessment.

Finally, the court notes that the disqualified portion of the subject property is land located within the EFU zone. Pursuant to ORS 308A.062(1), land located in the EFU zone *without* a dwelling is farmland subject to special assessment so long as it is "used exclusively for farm use * * *." ORS 308A.062(1). Thus, the court questions Defendant's determination that one acre of EFU land within the subject property – the remainder of which qualifies for farm use special assessment – does not qualify for either farm use or homesite special assessment. However, the court need not make a determination on that question given its conclusion that the subject property's homesite was improperly disqualified from special assessment.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

Upon careful consideration, the court concludes that the subject property's homesite was improperly disqualified from homesite special assessment under ORS 308A.259 for the 2016-17 tax year. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is granted.

IT IS FURTHER DECIDED that Plaintiffs' request for costs and disbursements in the amount of $252 is granted.

Dated this ____ day of July 2017.


_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on July 24, 2017.*