DECISION OF DISMISSAL
This matter is before the court on Defendants' Motion to Dismiss (Motion), filed April 19, 2011, requesting that the Complaint be dismissed. Plaintiff filed a Response to Defendants' Motion (Response) on April 27, 2011, and the parties' oral argument was heard on May 17, 2011. David W. Sohm, registered appraiser, appeared on behalf of Plaintiff. David E. Carmichael, attorney at law, appeared on behalf of Defendants.
The parties agree that Plaintiff filed its Complaint on March 11, 2011. Plaintiff served its Complaint by certified mail on the individual who represented Defendants at the Lane County Board of Property Tax Appeals (BOPTA). Plaintiff did not serve its Complaint on Defendants directly by certified mail. Defendants "urge[] the court to enter judgment dismissing Plaintiffs Complaint with prejudice for failure to serve the taxpayer with a copy of its Complaint by certified mail within the time for filing an appeal and award Defendant its costs incurred herein." (Defs' Mot at 4.) *Page 2 
Like the case before the court if an appealing party is other than the taxpayer, the appealing party is required to serve the complaint on the taxpayer. ORS 305.560(3)[1] provides:
 "In any case in which the taxpayer is not the appealing party, a copy of the complaint shall be served upon the taxpayer by the appealing party by certified mail within the period for filing an appeal * * *"
"In interpreting a statute, the court's task is to discern the intent of the legislature."PGE v. Bureau of Labor and Industries (PGE),317 Or 606, 610, 859 P2d 1143 (1993) (citations omitted);see also ORS 174.020. The legislative intent is to be determined first from the text and context of the statute. PGE,317 Or at 611; State v. Gaines,346 Or 160, 171, 206 P3d 1042 (2009). "In trying to ascertain the meaning of a statutory provision, * * * the court considers rules of construction of the statutory text that bear directly on how to read the text. Some of those rules are mandated by statute, including * * * the statutory enjoinder `not to insert what has been omitted, or to omit what has been inserted.'" PGE,317 Or at 611, citing ORS 174.010. Additionally, "words of common usage typically should be given their plain, natural, and ordinary meaning."Id. at 611. "`Shall' is a command: `it is used in laws, regulations, or directives to express what is mandatory.'" Preble v. Dept. ofRev.,331 Or 320, 324, 14 P3d 613 (2000) (citations omitted.)
ORS 305.560(3) provides in pertinent part that "a copy of the complaint shall be served upon the taxpayer by the appealing party by certified mail within the period for filing an appeal[.]" (Emphasis added.) Plaintiff did not serve a copy of its Complaint "upon the *Page 3 
taxpayer * * * within the period for filing an appeal." Plaintiff failed to meet the statutory requirements.
Plaintiff argues that the person served was Defendants' authorized representative. There is no dispute that the person Plaintiff served was Defendants' authorized representative for all matters related to the Lane County BOPTA. (Ptf's Resp, Ex A.) Plaintiff argues that the authority vested in the person served to represent Defendants at BOPTA carries over to court proceedings. The court's rule permits a taxpayer to designate certain individuals to represent the taxpayer. TC-MD 1E. That rule requires that a "notice of representation shall be filed with the court pursuant to the provisions of ORS 305.230(2)." Defendants did not file the required notice with the court, designating the person Plaintiff served to represent them in all matters before the court. Plaintiff's service was not in compliance with ORS 305.230(2).
Plaintiff alleges that the person Plaintiff served had a "duty to either inform the plaintiff that he was no longer the representative of the taxpayer or forward the complaint to the taxpayer in a timely manner." (Ptf's Resp at 2.) Plaintiff cites no statutory authority imposing such a duty on the person Plaintiff served. Plaintiff's conclusion that a "forward[ed] complaint" would have met the statutory requirements is not supported by the statutory language. In interpreting a statute, the court is "not to insert what has been omitted, or to omit what has been inserted." ORS 174.010. The statute imposes the obligation of service upon the "appealing party" and no other party or person. ORS 305.560(3). *Page 4 
Contrary to the statutory requirement, Plaintiff served an individual other than the taxpayer with its Complaint. Plaintiff failed to serve the taxpayer as required by law. ORS 305.560(3). Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed; and
IT IS FURTHER DECIDED that Defendants' request for costs is denied.
Dated this ___ day of June 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on June 15, 2011. The Court filed and entered this documenton June 15, 2011.
[1] References to the Oregon Revised Statutes (ORS) are to the year 2009. *Page 1