IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

EIGHTH CHURCH OF CHRIST          )
SCIENTIST,                       )
                                 )
            Plaintiff,           )    TC-MD 120116N
                                 )
      v.                         )
                                 )
MULTNOMAH COUNTY ASSESSOR,       )
                                 )
            Defendant.           )    **DECISION**

Plaintiff appealed Defendant's denial of property tax exemption for properties identified

as Accounts R203027 and R203029 (subject properties) for the 2010-11 tax year.  This matter

was submitted to the court on cross-motions for summary judgment.  An oral argument was held

by telephone on August 23, 2012.  Heidi K. Wiedmaier, Church Treasurer, appeared on behalf of

Plaintiff.  Lindsay Kandra, Assistant County Attorney, appeared on behalf of Defendant.

I.  STATEMENT OF FACTS

The subject properties "are 2 of a 3 lot parking area across * * * from [Plaintiff's] main

church structure that seats 700."  (Ptf's Compl at 3.)  Prior to January 2010, Plaintiff "leased [its]

parking lots to Wallace Buick for their use during the work week."  (*Id.* at 3, 8.)  "When

[Plaintiff] leased [its] parking lots to Wallace Buick, [property] taxes were assessed to the lessee.

Wallace Buick was billed and yearly paid the property taxes on that leased property through the

tax year ending June 30, 2010."  (*Id.* at 8.)  Plaintiff states that "on February 9, 2010, Wallace

Buick * * * requested a 'hiatus' from the lease agreement under which they were utilizing two of

[Plaintiff's] parking lots."  (Ptf's Ltr at 1, Jun 12, 2012.)  "Wallace Buick terminated the lease of

that parking lot property as of January, 2010.  Since that date, the property has not been leased

nor has the church received any revenue from it."  (Ptf's Compl at 8.)

Plaintiff asserts: "Upon receipt of the referenced letter from Wallace [on or around February 9, 2010], we called the county tax assessor to ascertain the church's tax liability, as the lease between the church and the dealership had terminated on January 31, 2010. We were advised that despite the fact that the lease expired in January of 2010, all taxes would be due and payable for the tax year 2010-11. It was explained that this was a newly enacted law." (Ptf's Ltr at 1, Jun 12, 2012.) Weidmaier stated that "even though [she] clearly introduced [herself] as Treasurer of [Plaintiff] and pointed out [its] other 3 properties that were tax exempt, [she] was told by the county employee, quoting a new legislative ruling number from the most recent legislation session, 'because the lease was in force even 1 day in 2010, taxes were due for the entire tax year 2010-2011.' " (Ptf's Ltr, Aug 14, 2012.) Plaintiff asserts that, as a result of that advice, it was "operating on the belief that there was no avenue of getting any tax relief for that year. By the time [Plaintiff] called back and [was] informed correctly, the time had passed for [Plaintiff] to get the exemption for 2010-11 taxes." (Ptf's Ltr at 1, Jun 12, 2012.)

On December 15, 2011, Plaintiff filed for property tax exemption under ORS 307.162 and ORS 307.140 for the 2010-11 tax year. (Def's Cross Mot at 2, Ex C.) On December 20, 2011, Defendant sent a letter to Plaintiff denying its application because "[t]he application was filed too late to qualify in accordance with ORS 307.162." (Ptf's Compl at 9.) The subject properties are exempt from property taxation under ORS 307.162 and ORS 307.140 for the 2011-12 tax year. (*Id.* at 10; Def's Cross Mot at 2.)

Plaintiff argues that "good and sufficient cause" exists for its failure to timely file its application for property tax exemption because Defendant's representative provided Plaintiff with "misleading information." (Ptf's Ltr, Aug 14, 2012.) Defendant argues that "Plaintiff's request for exemption was not timely filed under ORS 307.162" and, even if it "was timely under

ORS 307.162(2)(b), [Plaintiff] has not demonstrated 'good and sufficient cause' for failure to request the exemption before December 31, 2010." (Def's Cross Mot at 4.)

## II. ANALYSIS

The issue before the court is whether Plaintiff's application for 2010-11 property tax exemption for the subject properties was timely filed under ORS 307.162. "In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610, 859 P2d 1143, 1145 (1993). "[T]he text of the statutory provision itself is the starting point for interpretation and is the best evidence of the legislature's intent." *Id.* at 610. Words of common usage are to be "given their plain, natural, and ordinary meaning." *Id.* at 611. "[A]fter examining text and context," the court may consider legislative history that "appears useful to the court's analysis." *State v. Gaines* (*Gaines*), 346 Or 160, 172, 206 P3d 1042 (2009); *see also* ORS 174.020(3) ("A court shall give the weight to the legislative history that the court considers to be appropriate"). "If the legislature's intent remains unclear after examining text, context, and legislative history, the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty." *Gaines*, 346 Or at 172.

The parties filed cross-motions for summary judgment. The standard for summary judgment is provided by Tax Court Rule (TCR) 47,[1] which provides in pertinent part:

> "The court shall grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

---

[1] TCR 47 is made applicable through the Preface to the Magistrate Division Rules, which states in pertinent part, that "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant."

A taxpayer seeking an exemption under ORS 307.140[2] must file an application pursuant to the provisions of ORS 307.162.  ORS 307.162(1)(a) provides, in relevant part:

"Before any real or personal property may be exempted from taxation under ORS * * * 307.140 * * * for any tax year, the institution or organization entitled to claim the exemption must file a claim with the county assessor, *on or before April 1 preceding the tax year for which the exemption is claimed*."

(Emphasis added).  ORS 307.162(2)(a) allows for late filing of an application:

"Notwithstanding subsection (1) of this section, a claim may be filed under this section:

"(A) *On or before December 31 of the tax year for which the exemption is claimed*, if the claim is accompanied by a late filing fee of the greater of $200 or one-tenth of one percent of the real market value as of the most recent assessment date of the property to which the claim pertains.

"(B) *On or before April 1 of the tax year for which the exemption is claimed*, if the claim is accompanied by a late filing fee of $200 and the claimant demonstrates good and sufficient cause for failing to file a timely claim, is a first-time filer or is a public entity described in ORS 307.090."

(Emphasis added.)  The "assessment year" is a calendar year beginning on January 1. ORS 308.007(1)(b).  The "tax year" is a fiscal year that begins on July 1 and ends 12 months later on June 30.  ORS 308.007(1)(c).  "[T]he assessment year beginning January 1 corresponds to the tax year beginning July 1 of the same calendar year."  ORS 308.007(2).

For the 2010-11 tax year, the "tax year" began on July 1, 2010, and ended June 30, 2011; the "assessment" year began January 1, 2010, and ended December 31, 2010.  The latest that Plaintiff could file for exemption under ORS 307.162(1) or (2)(a), was April 1, 2011.  Plaintiff's application was not filed with Defendant until December 15, 2011, and would not have been timely under any of the deadlines identified in ORS 307.162(1)(a) and (2)(a).

/ / /

---

[2] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2009.

In 2011, ORS 307.162 was amended to include a provision allowing taxpayers to file a claim "for the five tax years prior to the current tax year" under limited circumstances:

> "Notwithstanding subsection (1) of this section, a claimant that demonstrates good and sufficient cause for failing to file a timely claim, is a first-time filer or is a public entity described in ORS 307.090 may file a claim under this section for the five tax years prior to the current tax year:
>
>> "(i) Within 60 days after the date on which the county assessor mails notice of additional taxes owing under ORS 311.206 for the property to which the claim filed under this subparagraph pertains; or
>>
>> "(ii) At any time if no notice is mailed."

ORS 307.162(2)(b)(A) (2011). The 2011 amendments to ORS 307.162 were effective for "property tax years beginning on or after July 1, 2011." Or Laws 2011, ch 655, § 4. Plaintiff's 2010-11 application for property tax exemption was filed during the 2011-12 tax year; thus, the 2011 amendments to ORS 307.162(2)(b)(A) were effective as of the date that Plaintiff filed its application for exemption for the 2010-11 tax year.

ORS 307.162(2)(b)(A) (2011) identifies three types of "claimants" that may file a claim "for the five tax years prior to the current tax year": one that "demonstrates good and sufficient cause for failing to file a timely claim"; "a first-time filer"; *or* "a public entity described in ORS 307.090." (Emphasis added.) "Or" is a conjunction used to indicate a choice between alternative things, states, or courses. *Webster's Third New Int'l Dictionary* (*Webster's*) 1585 (unabridged ed 2002). There is no suggestion that Plaintiff is a "public entity" under ORS 307.090. Thus, the court considers whether Plaintiff is "a first-time filer" or has demonstrated "good and sufficient cause for failing to file a timely claim."

/ / /

/ / /

/ / /

A.      *First-time filer*

A "first-time filer" is defined as "a claimant that":

"(A) Has never filed a claim for the property that is the subject of the current claim; and

"(B) Did not receive notice from the county assessor on or before December 1 of the tax year for which exemption is claimed regarding the potential property tax liability of the property."

ORS 307.162(3)(a).[3]  The definition of a "first-time filer" was added by the legislature in 2009. *See* Or Laws 2009, ch 626, § 2.  A "first-time filer" must meet both of the requirements under ORS 307.162(3)(a) because they are joined by the word "and"; thus, the requirements are conjunctive. *See Preble v. Dept. of Rev.*, 331 Or 320, 324-25, 14 P3d 613 (2000) (use of the word "and" to connect three statutory requirements "indicates that they are not alternatives").

It is unclear whether Plaintiff had filed a claim for exemption for the subject property prior to the claim at issue in this appeal.[4]  Even assuming Plaintiff "[h]as never filed a claim" for the subject property, Plaintiff must not have received "notice" from Defendant on or before December 31, 2010.  During oral argument, Weidmaier stated that Plaintiff did not receive its 2010-11 property tax statements because they were sent to Wallace Buick.  (*Accord* Def's Cross Mot at Ex D.)  However, Plaintiff contacted Defendant in February 2010 to inquire about filing an application for property tax exemption for the subject properties.  Plaintiff was, therefore, aware that the subject properties were not exempt from taxation as of the 2010-11 tax year.  The question is whether Plaintiff received "notice" from Defendant, on or before December 1, 2010, of the "potential property tax liability" of the subject properties.

---

[3]  The definition of "first-time filer" is identical in the 2009 and 2011 versions of ORS 307.162.

[4] The parties did not stipulate or offer evidence whether Plaintiff filed a claim for property tax exemption for the subject properties prior to the 2010-11 tax year.  Thus, it is unclear whether Plaintiff has ever "filed a claim for the property that is the subject of the current claim" under ORS 307.162(3)(a)(A).

ORS 307.162 includes several references to "notice," however, the term is not defined in the statute. "Notice" is used as a noun in the definition of "first-time filer" under ORS 307.162(3)(a). *Webster's* provides the following potentially relevant definitions of "notice":

> "**1 a** (1) **:** formal or informal * * * warning or intimation of something **:** ANNOUNCEMENT * * * (3) **:** notification by one of the parties to an agreement or relation (as by an employer to a laborer) of intention of terminating it at a specified time * * * (4) **:** a communication of intelligence or of a claim or demand often required by statute or contract and prescribing the manner or form of giving it * * * **b :** INFORMATION, INTELLIGENCE * * * **(c)** (1) *archaic* **:** KNOWLEDGE (2) **:** actual knowledge of a pertinent legal fact – called also *actual notice, express notice*[.]"

*Id.* at 1544 (emphasis in original). Additional definitions describe "implied notice" and "constructive notice." *Id.* The context provided by other property tax exemption statutes is not helpful in discerning the meaning of "notice" in ORS 307.162(3)(a). The statute allowing an exemption for property "used for public park or public recreation purposes" specifically requires the "granting authority" to issue "written notice," perhaps suggesting that the "notice" described in ORS 307.162 need not be "written." *See* ORS 307.115(4)(b), (5).

The definition of "notice" in ORS 307.162(3)(a) was discussed during hearings of both the House Revenue Committee and the Senate Finance and Revenue Committee during the 2009 legislative session. During the March 4, 2009, hearing of the House Revenue Committee, John Phillips (Phillips) of the Oregon Department of Revenue reported that some counties "make extra effort" to notify "a church [that] moves to a new property" reminding the church that it "need[s] to file" for property tax exemption. Audio, House Revenue Committee, HB 2700, Mar 4, 2009, 7:40 (statement of Phillips, Department of Revenue), http://www.leg.state.or.us./listn/. Phillips explained that, when counties provide such notice, then the extended filing deadline of

"April 1 of the tax year for which the exemption is claimed" under ORS 307.162(2)(a)(B) "won't apply to them because they got a special notice." *Id.*; ORS 307.162(2)(a)(B).

During the May 13, 2009, hearing of the Senate Finance and Revenue Committee, Senator Telfer asked Phillips: "Under Section 2, regarding the notice, what notice are we talking about here since property tax notification comes out prior to November, even?" Audio, Senate Finance and Revenue Committee, HB 2700, May 13, 2009, 16:05, http://www.leg.state.or.us./listn/. Phillips responded:

> "This really came out in the discussion with the county assessor because most counties, when they know an entity is exempt, has been exempt, would be exempt but for a[n] [un]timely filed application, they'll call them. You know, they'll call them or they'll send them a letter saying 'you guys missed the filing deadlines, you might want to file before December 31st.' So there will be calls or letters in many cases, although it's not required by statute."

*Id.* (statement by Phillips, Department of Revenue). Senator Telfer asked: "What constitutes notice? Is it the property tax statement or is it a notice from the county assessor saying 'you know, you guys forgot to apply?' " *Id.* at 17:22. Phillips responded: "It's not defined in the bill, it just says notice, so just something to clue you in. There is no definition." *Id.* at 17:35. Senate Finance Chair Burdick and Phillips agreed that HB 2700 (2009) did not "define the actual tax statement as a notice." *Id.* at 17:47.

The legislative history of HB 2700 (2009) suggests that the legislature intended "notice" in the "first-time filer" definition to refer to actual knowledge possessed by the claimant of "the potential property tax liability of the property." ORS 307.162(3)(a)(B). The claimant may receive "notice" through a phone call or letter from the county assessor or through receipt of a property tax statement. Weidmaier stated that Plaintiff did not receive its 2010-11 property tax statements for the subject properties. However, Plaintiff contacted Defendant in February 2010 to inquire about filing an application for property tax exemption for the subject properties.

Plaintiff knew that the subject properties were not exempt from taxation for the 2010-11 tax year and, therefore, had received "notice" of "the potential property tax liability" of the subject properties as early as February 2010. ORS 307.162(3)(a)(B). Plaintiff was not a "first-time filer" under ORS 307.162(3)(a).

B.     *Good and sufficient cause*

The court next considers whether Plaintiff has demonstrated "good and sufficient cause for failing to file a timely claim." ORS 307.162(2)(b)(A). Both the 2009 and 2011 versions of ORS 307.162 define "good and sufficient cause" as "an extraordinary circumstance beyond the control of the taxpayer or the taxpayer's agent or representative that causes the failure to file a timely claim." ORS 307.162(3)(b)(A). It "does not include hardship, reliance on misleading information unless the information is provided by an authorized tax official in the course of the official's duties, lack of knowledge, oversight or inadvertence." ORS 307.162(3)(b)(B).

Plaintiff argues that it had good and sufficient cause for failing to file a timely claim for property tax exemption because it relied on misleading advice provided by a representative of Defendant. Specifically, Plaintiff asserts that Weidmaier called Defendant's office on or around February 9, 2010, and was told that, because of "a newly enacted law" "all taxes would be due and payable for the tax year 2010-11." (Ptf's Ltr at 1, Jun 12, 2012.) The alleged "misleading information" given by Defendant was during a telephone conversation. This court has explained the problems with alleged misleading conduct through oral communications:

> "There are many possibilities for misunderstanding with oral communication. Taxpayers are often unfamiliar with taxation procedures. It is easy for them to become confused even where correct information is given. Additionally, the court often has no way to know the exact questions that taxpayers may ask when seeking direction from a government official. Taxpayers may phrase their questions in a manner which leads a government official to believe they were inquiring about something other than what they intended."

*Schellin v. Dept. of Rev.*, 15 OTR 126, 132 (2000) (citations omitted). In the context of estoppel, a taxpayer must offer "proof positive" of misleading conduct by the defendant. *Hoyt Street Properties LLC v. Dept. of Rev.*, 18 OTR 313, 318 (2005) (citations omitted). "Mere testimony that the government orally misguided taxpayer, is generally, by itself, insufficient to show 'proof positive' that the taxpayer was misled." *Webb v. Dept. of Rev.* (*Webb*)*, 19 OTR 20, 24 (2006) (citations omitted).

The court does not question that Weidmaier contacted Defendant at some point during February 2010 to discuss property tax exemption for the subject properties. However, it is unclear with whom Weidmaier spoke or what questions she asked. Other than Weidmaier's statement, there is no evidence that Defendant provided misleading information. As this court stated in *Webb*, "mere testimony that the government orally misguided taxpayer" is generally not sufficient to prove that the taxpayer was misled. Plaintiff has not demonstrated that good and sufficient cause exists for its failure to file a timely claim for property tax exemption.

### III. CONCLUSION

After careful consideration, the court finds that Plaintiff's 2010-11 application for property tax exemption was not timely filed under ORS 307.162(1) and (2)(a). The court further finds that Plaintiff was not a "first-time filer" under ORS 307.162(3)(a) and Plaintiff has not demonstrated "good and sufficient cause" for failing to timely file its application for property tax exemption for the 2010-11 tax year under ORS 307.162(3)(b). Plaintiff is not, therefore, entitled to property tax exemption for the subject properties for the 2010-11 tax year under ORS 307.162(2)(b)(A) (2011). The court is not aware of any circumstances that extend the time for Plaintiff's 2010-11 application for property tax exemption. Now, therefore,

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiff's cross-motion for summary judgment is denied.

IT IS FURTHER DECIDED that Defendant's cross-motion for summary judgment is granted.

Dated this ____ day of November 2012.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on November 20, 2012. The Court filed and entered this document on November 20, 2012.*