IN THE TAX COURT OF THE
STATE OF OREGON

Wallace L. PREBLE
and Elizabeth Preble
*v.*
DEPARTMENT OF REVENUE
(TC 4130)

Plaintiffs (taxpayers) were represented by Kevin O'Connell, P.C., Portland.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented Defendant (department).

Decision for Defendant rendered October 7, 1998.

## CARL N. BYERS, Judge.

Plaintiffs appeal from assessments of additional personal income taxes arising out of federal audits for the same tax years. Plaintiffs claim that Defendant's Notices of Deficiency were issued after the time allowed by ORS 314.410(3).[1] The basic facts are not in dispute, and the matter has been submitted to the court on cross motions for summary judgment.

### FACTS

Plaintiffs timely filed Oregon income tax returns for 1977, 1978, and 1979. Plaintiffs' federal returns for those same years were audited by the Internal Revenue Service (IRS). The IRS issued Notices of Deficiency for those three years and Plaintiffs appealed. The appeal was eventually resolved in Plaintiffs' favor in the United States Tax Court by a decision dated December 12, 1991.

In the interim, Defendant learned of the federal audit with regard to the 1977 and 1979 tax years. By letter dated December 18, 1986, Defendant's auditor wrote to Plaintiffs indicating it did not have a copy of the federal audit report or amended Oregon income tax returns. The letter stated "please provide the federal report or an amended return within two weeks." Plaintiffs did not comply with that request. On April 3, 1992, Defendant received a federal appeals transmittal memorandum and supporting statement dated December 30, 1991, showing the federal adjustments made to Plaintiffs' federal returns. Based on this information, Defendant issued Notices of Deficiency dated February 23, 1994. Plaintiffs appealed from those notices, first exhausting its administrative remedies and then filing an appeal to this court.

---

[1] All references to the Oregon Revised Statutes are to 1989.

## ISSUE

What constitutes notification under ORS 314.410(3)?

## ANALYSIS

■    ORS 314.410(3) provides, in relevant part:

"If the commissioner of Internal Revenue or other author-
ized officer of the Federal Government makes a correction
resulting in a change in income tax for state income tax pur-
poses, then notice of a deficiency under any law imposing
tax upon or measured by income for the corresponding tax
year may be mailed within two years after the department
is notified by the taxpayer or the commissioner *of such fed-
eral correction * * *.*" (Emphasis added.)

By December 18, 1986, Defendant was aware that
the IRS had completed audits of large partnerships which
were considered tax shelters. However, the department had
not received any audit reports for either the partnerships or
the partners. Defendant contends that notice of the audits
does not constitute *notice* under ORS 314.410(3) inasmuch as
notification requires disclosure of the federal adjustments. In
response, Plaintiffs argue that a taxpayer has no duty to pro-
vide an audit report and suggest that Defendant has a duty
to obtain any audit reports from the IRS.

■    ORS 314.410(3) does not appear to impose a duty
upon any of the three participants: the IRS, the department,
or the taxpayer. It merely extends the period within which
the department may issue a notice of deficiency. The period is
extended only if the IRS makes a correction that will result in
a change in income for state income tax purposes. Under that
language, the department has no way of knowing whether
the extended period applies until it knows whether the fed-
eral correction will result in a change in income for state
income tax purposes. Consequently, the notice to the depart-
ment must be "of such federal correction."

■    It is not enough for either the IRS or the taxpayer to
notify the department that an audit has been made or com-
pleted. The two-year period under ORS 314.410(3) does not

begin until the department is notified of the federal correction that was made to the taxpayer's federal return. The taxpayer may not have a duty to notify the department, but if the taxpayer does notify the department, then the taxpayer thereby starts the "clock" running. Instead, if the taxpayer relies upon the IRS to notify the department, then the period of time in which the department may issue a notice of deficiency may be extended. This is precisely what occurred in this case.

Defendant was not notified of the federal correction until April 3, 1992. Accordingly, Defendant's Notices of Deficiency dated February 23, 1994, were issued within the two-year period allowed by ORS 314.410(3). Now, therefore,

IT IS ORDERED that Plaintiffs' Second Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that Defendant's Second Motion for Summary Judgment is granted. Costs to neither party.