Argued and submitted May 11, 1999, decision of the Tax Court reversed, and case remanded to the Tax Court for further proceedings November 24, 2000

## Wallace L. and Elizabeth PREBLE,
*Appellants,*

*v.*

## DEPARTMENT OF REVENUE,
*Respondent.*

(OTC 4130; SC S45863)

14 P3d 613

Kevin O'Connell, of Kevin O'Connell, P.C., Portland, argued the cause and filed the briefs for appellants. With him on the briefs was Steven B. Hval.

Jerry Bronner, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent. With him on the brief was Hardy Myers, Attorney General.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, and Riggs, Justices.**

RIGGS, J.

** Van Hoomissen and Kulongoski, JJ., did not participate in the consideration or decision of this case.

**RIGGS, J.**

This case, which is before the court on direct appeal from a judgment of the Oregon Tax Court, presents the question whether a notice of tax deficiency may be valid even though it was not certified, as required by statute. The Department of Revenue (department) concluded that the notice of deficiency at issue here was valid. The Tax Court agreed. *Preble v. Dept. of Rev.*, 14 OTR 276, 281 (1998). We conclude that a notice of deficiency must be certified to be valid. Accordingly, we reverse.

■       Because this case originally was filed with the Tax Court in May 1997, we review the decision of the Tax Court *de novo.* ORS 305.445 (1995);[1] *see Delta Air Lines, Inc. v. Dept. of Rev.*, 328 Or 596, 603, 984 P2d 836 (1999) (1995 amendments to ORS 305.445 apply only to cases filed in Tax Court on or after September 1, 1997).

The facts are undisputed. This case involves the state tax liability of Wallace and Elizabeth Preble (taxpayers) for the years 1977, 1978, and 1979. Taxpayers timely filed their state tax returns for those years with the department. Taxpayers subsequently became embroiled in litigation over their federal tax liability for the same years. The federal tax litigation was not resolved until 1991.

In 1992, the federal government notified the department that taxpayers' federal tax returns for the years at issue had been adjusted. The department concluded that those adjustments increased taxpayers' state tax liability. Accordingly, in 1994, the department sent taxpayers three notices of deficiency, one for each of the years 1977, 1978, and 1979.

In May 1997, taxpayers filed a complaint in the Tax Court, contending that the notices were invalid because they lacked a certificate required by ORS 305.265 (set out below).[2] Taxpayers later amended their complaint, adding a claim that the notices were invalid because they were untimely. In

---

[1] All statutory citations in this opinion are to the statutes in effect before the effective date of the 1995 amendments.

[2] The parties do not dispute that, if the notices were invalid, the department is barred from sending new ones.

two separate opinions, the Tax Court granted summary judgment for the department. *Preble*, 14 OTR at 281 (notices valid despite lack of certificate); *Preble v. Dept. of Rev.*, 14 OTR 380, 383 (1998) (notices were timely). Taxpayers timely appealed both decisions to this court.

ORS 305.265 provides, in part:

"(2)   * * * If the department discovers from an examination or an audit of a report or return or otherwise that a deficiency exists, it shall compute the tax and give notice to the person filing the return of the deficiency and of the department's intention to assess the deficiency, plus interest and an appropriate penalty. Except as provided in subsection (3) of this section, the notice shall:

"(a)   State the reason for each adjustment;

"(b)   Give a reference to the statute, regulation or department ruling upon which the adjustment is based; and

"(c)   *Be certified by the department that the adjustments are made in good faith and not for the purpose of extending the period of assessment.*

"(3)   When the notice of deficiency described in subsection (2) of this section results from the correction of a mathematical or clerical error and states what would have been the correct tax but for the mathematical or clerical error, such notice need state only the reason for each adjustment to the report or return."

(Emphasis added.) A taxpayer may contest the proposed deficiency by filing a written objection within 30 days from the date of the notice:

"Within 30 days from the date of the notice of deficiency, the person given notice shall pay the deficiency with interest computed to the date of payment and any penalty proposed. Or within that time the person shall advise the department in writing of objections to the deficiency, and may request a conference with the department, which shall be held prior to the expiration of the one-year period set forth in subsection (7) of this section."

ORS 305.265(5).

■    Taxpayers contend that a notice of deficiency is invalid if it lacks the certification required by ORS 305.265(2)(c). They note that the statute uses the word "shall," that the statute links certification with two other requirements, and that the statute excuses certification only when the adjustment is the result of a mathematical or clerical error. The department contends that such a notice is valid, even though it lacks the certification.

■    Resolution of the dispute requires us to construe ORS 305.265. In construing a statute, we use the methodology described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). The first level of analysis requires us to examine the text and context of the statute, giving words of common usage their plain, natural, and ordinary meaning. *Id.* If that examination reveals the clear intent of the legislature, then our inquiry is complete. *Id.* at 611.

■ ■    We begin by noting that ORS 305.265(2) provides that the department "shall" include the certificate in a notice of deficiency. "Shall" is a command: it is "used in laws, regulations, or directives to express what is mandatory." *Webster's Third New Int'l Dictionary*, 2085 (unabridged ed 1993); *Sizemore v. Myers*, 327 Or 71, 74-75, 957 P2d 577 (1998) (requirement that notice of petition for review of ballot title "shall" be given by certain deadline was statutory prerequisite to review, even though it was not jurisdictional). The department has no discretion regarding whether to include the certificate.

We next consider whether the certificate is necessary for a notice of deficiency to be valid. For the reasons that follow, we conclude that it is.

To conclude that a notice of deficiency was valid even though it lacked the certificate, we effectively would have to read the phrase "the notice shall," in ORS 305.265(2) to mean "the notice should." However, the certification requirement is part of a single sentence in that statute. In that sentence, the phrase "the notice shall" is followed by three different requirements. The three requirements are that the notice give the reason for each adjustment, refer to the authority for each adjustment, and certify that the adjustment is made in

good faith and not to extend the assessment period. ORS 305.265(2)(a) to (c). Those three requirements are connected by the word "and," which indicates that they are not alternatives.

It follows from the foregoing that, if the phrase "the notice shall," in ORS 305.265(2) meant "the notice should," then it would apply to all three requirements. Under that reading, a notice of deficiency would be valid, even though it lacked any or all of the requirements. The text of the statute shows that such a reading would violate the legislative intent. The notice triggers the time for the taxpayer to file written objections to the proposed deficiency. ORS 305.265(5) (1993). Without notice of the reason or the authority for each adjustment, the taxpayer could face significant disadvantages in contesting the proposed deficiency; indeed, the taxpayer might be unable to object at all. Such a "notice" actually would notify the taxpayer of very little. Because a notice of deficiency is invalid if it does not include the reason or the authority for each adjustment, it also is invalid if it does not include the certificate.[3]

We conclude that the text and context of ORS 305.265(2)(c) clearly reveal the legislature's intent to make certification a necessary condition for a valid notice of deficiency. See PGE, 317 Or at 611 (if intent of legislature clear at first level of analysis, no further inquiry required).

■ The department argues that, in any event, any error here was harmless. We reject that argument. The certification assures the taxpayer that the department is acting in good faith and not for the purpose of extending the assessment period. The statute evinces a legislative intent that makes the representation of good faith as important as good faith itself. We have no authority to nullify that legislative intent.

---

[3] The department argues that a notice of deficiency is valid, even though it lacks a reference to the authority for the adjustment as required by ORS 305.265(2)(b). The department relies on *Equitable Sav. & Loan v. Commission*, 3 OTR 1 (1967), *aff'd on other grounds* 251 Or 70, 444 P2d 916 (1968). *Equitable*, however, concluded only that failure to refer to the authority for the adjustment did not injure the taxpayer in that case, because the taxpayer already knew of the authority for the assessment. 3 OTR at 8-9. The court did not address whether the notice otherwise would have been invalid.

The notices of deficiency did not contain the certificates required by ORS 305.265(2)(c). As a result, the notices of deficiency were invalid. Taxpayers were entitled to summary judgment in their favor.[4]

The decision of the Tax Court is reversed, and the case is remanded to the Tax Court for further proceedings.

---

[4] As noted previously, taxpayers also contend that the notices were untimely. Because of our disposition of the first question, we need not address that issue.