DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss, filed May 15, 2008, as part of Defendant's Answer, requesting that the Complaint be dismissed.
On July 16, 2008, a case management conference was held. Plaintiff appeared through her representative, Tina Rainey (Rainey), Licensed Tax Consultant. Leah Hinton (Hinton), Tax Auditor, appeared on behalf of Defendant.
During the conference, Defendant's motion to dismiss was discussed. Hinton stated that Defendant issued a Notice of Proposed Refund Adjustment (Notice), dated September 24, 2007, to Plaintiff. Plaintiff filed her written objection to Defendant's Notice on October 19, 2007. On January 16, 2008, Defendant issued its Notice of Refund Denial. Defendant attached "How to Appeal a Notice of Refund Adjustment" to its Notice of Refund Denial which stated:
 "If you do not agree with this decision you must appeal to the Magistrate Division of the Oregon Tax Court within 90 days from the date of this letter. * * * IF YOU DO NOT APPEAL ON TIME, YOUR APPEAL RIGHTS EXPIRE AND THE ADJUSTMENTS ARE FINAL."
(Ptf's Comp at 3.)
Plaintiff's Complaint appealing Defendant's Notice of Refund Denial was postmarked April 16, 2008. Hinton wrote that "plaintiff's appeal rights expired on 04/15/08," one day prior *Page 2 
to the date her Complaint was postmarked. (Def's Answer at 1.) Hinton requested that Plaintiff's appeal be dismissed "due to the untimely appeal." (Id.)
At the conclusion of the conference, Rainey was given an opportunity to submit a written response to Defendant's motion to dismiss. In her written response dated August 18, 2008, Rainey wrote that "[t]he January letter I received regarding the appeal rights had a very bad date. I was not able to clarify the date. It was either January 18 or January 16. I filed the appeal on April 16 so I would not miss the deadline." (Ptf's Ltr at 1, Aug 18, 2008.) Hinton filed her Response on August 21, 2008, stating that
 "although the copy of t he letter that the Plaintiff's representative, Tina Rainey, received from Laura Nichols was hard to read, the copy of the letter sent from the Department of Revenue to the Plaintiff, Laura Nichols, was a clear copy on which the date was legible. (see Exhibit A attached). The Defendant still requests a dismissal of this case due to the untimely appeal as the Plaintiff or her representative had 90 days in which to clarify the date on the letter but waited until it was too late to appeal before they did so."
(Def's Resp at 1.)
ORS 305.280(2)[1] provides that "[a]n appeal from a proposed adjustment under ORS 305.270 [proposed adjustment to refund claim] shall be filed within 90 days after the date the notice of adjustment is final." Defendant's Notice of Refund Denial dated January 16, 2008, stated that Plaintiff's objection to its proposed adjustment was denied and its adjustment was final. ORS 305.280(2) states that Plaintiff's appeal "shall be filed within 90 days after the date the notice of adjustment is final." It is a well settled law in Oregon that "`[s]hall'is a command: it is `used in laws, regulations, or directives to express what is mandatory.'" Preble v. Dept. of Rev., 331 Or 320, 324
(2000) (citations omitted). Plaintiff's appeal was filed 91 days after the date of Defendant's Notice of Refund Denial. Rainey incorrectly concluded that if the Notice of Refund *Page 3 
Denial was dated January 16, 2008, she could postmark a timely appeal on April 16, 2008. Unfortunately, the final day to file a timely appeal within 90 days of the date (January 16, 2008) was April 15, 2008. The court has no authority to ignore a mandatory filing deadline.
Regrettably, Rainey's confusion about the actual date on Defendant's Notice of Refund Denial could easily have been resolved. Her failure to "clarify the date" now results in the dismissal of Plaintiff's appeal. (Ptf's Ltr at 1, Aug 18, 2008.) Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted.
[1] All references to Oregon Revised Statutes (ORS) are to 2007. *Page 1