DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss, filed on April 5, 2010, as part of its Answer, stating that Plaintiff failed to file a timely appeal to the Board of Property Tax Appeals.
At a telephone case management conference held May 4, 2010, the parties recited the facts for the court. E. Barry Post (Post), Managing Partner, appeared with his attorney, David Canary. Joe Honl (Honl), Appraisal Manager, Clackamas County Assessor, appeared on behalf of Defendant.
 I. STATEMENT OF FACTS
The parties agree that Plaintiffs 2009-2010 petition to the Board of Property Tax Appeals (BOPTA) for Clackamas County appealing personal property values was addressed and sent "certified mail to the Clackamas County Assessor at 150 Beavercreek Road, Oregon City on December 31, 2009." (Def s Answer at 2; Def s Exs A, B1, B2.) The petition signed by Post included the following instruction: "Return your completed petition(s) to the address shown on the back." (Def s Ex Bl.) The parties explained that Post obtained the petition by using a link from the Clackamas County Assessor's website to the Oregon Department of Revenue's website. However, the accessible petition on the Department of Revenue's website did not have an *Page 2 
"address shown on the back" because there are 36 counties where a petition can be filed and the petition is designed to be completed and filed in any county.
A second instruction in a box to the left of the omitted address stated:
 "Appeal petitions must be filed with the board of property tax appeals by December 31, 2009. File your petition with the county clerk in the county where the property is located. Do not file your petition with the county assessor."
(Def's Ex B2.) Post stated that he found the address for the county assessor but did not find an address for the county clerk; he mailed the petition to the county assessor.
Honl stated that Plaintiff's petition was received by the county assessor on January 4, 2010. He hand delivered Plaintiff's petition to the county clerk's office, which is located "on the same campus" as the county assessor's office. Plaintiff's petition was date stamped as received January 4, 2010, with a notation "LATE." (Def's Ex B1.)
On February 18, 2010, the BOPTA mailed an Order of Dismissal to Plaintiff, stating that the "Board lacks jurisdiction to hear the issue(s) appealed due to the following reason(s): Dismiss because Petitioner mailed petition to wrong address." (Ptf's Compl at 4.) Plaintiff filed a timely appeal, challenging the personal property real market value for tax year 2009-10.
 II. ANALYSIS
The Oregon legislature has enacted laws that guide a taxpayer challenging the real market value assigned to their properties. The first step in the appeal process is to file a petition with the county board of property tax appeals (BOPTA). ORS 309.100(2)[1]
states that "[p]etitions filed under this section shall be filed with the clerk of the board during the period following the date the tax statements are mailed for the current tax year and ending December 31." (Emphasis added.) To challenge the 2009-10 personal property values, Plaintiff should have filed a petition *Page 3 
with the Clackamas County BOPTA by December 31, 2009.
"In interpreting a statute, the court's task is to discern the intent of the legislature." PGE v. Bureau of Labor andIndustries (PGE), 317 Or 606, 610, 859 P2d 1143 (1993); ORS 174.020. The legislative intent is to be determined first from the text and context of the statute. PGE, 317 Or at 611;State v. Gaines (Gaines),346 Or 160, 171, 206 P3d 1042 (2009). "In trying to ascertain the meaning of a statutory provision, * * * the court considers rules of construction of the statutory text that bear directly on how to read the text. Some of those rules are mandated by statute, including * * * the statutory enjoinder `not to insert what has been omitted, or to omit what has been inserted.'" PGE, 317 Or at 611, citing ORS 174.010. Additionally, "words of common usage typically should be given their plain, natural, and ordinary meaning." PGE,317 Or at 611. "[A]fter examining text and context," the court may consider the legislative history of the statute; "an ambiguity in the text of a statute" is not a "necessary predicate to * * * consideration of pertinent legislative history * * *."Gaines, 346 Or 171-172; ORS 174.020. Finally, "[i]f the legislature's intent remains unclear after examining text, context, and legislative history, the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty." Gaines, 346 Or at 172.
ORS 309.100(2) states that the BOPTA petition "shall be filed with the clerk of the board * * *." "`Shall' is a command: it is `used in laws, regulations, or directives to express what is mandatory.'"Preble v. Dept. of Rev.,331 Or 320, 324, 14 P3d 613 (2000) (citations omitted). There are no other options for filing a petition stated in the statute. Specifically, a taxpayer cannot file a petition with anyone other than the "clerk of the board." The court cannot "insert what has been omitted, or * * * omit what has been inserted * * *." ORS 174.010. Plaintiff's agent, Post, admits that because he could not find the BOPTA county clerk's address *Page 4 
he mailed the petition to the county assessor. Unfortunately, Plaintiffs agent failed to follow the statutory requirement to file its petition with the BOPTA clerk. Plaintiffs agent also failed to follow the printed instructions on the petition form that clearly stated that the petition must be filed with the BOPTA by December 31, 2009, and the petition should not be filed with the county assessor.
The legislature recognized that situations may exist that prevent a taxpayer from timely appealing to the BOPTA. As a result, the legislature granted the tax court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing its statutory right of appeal. ORS 305.288(3). ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year * * * if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
The statute defines good and sufficient cause as follows:
 "(b)'Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5).
Plaintiffs BOPTA petition was not timely filed because it was incorrectly addressed and was not delivered to the correct address before December 31, 2009. The question is whether Plaintiffs agent, Post, had good and sufficient cause for failing to properly address the petition. *Page 5 
The court concludes that he did not. The statute defining good and sufficient cause excludes inadvertence, oversight and lack of knowledge from its definition. Although the outcome is very unfortunate, the circumstances do not fit within the statutory definition of good and sufficient cause.
 III. CONCLUSION
Plaintiff failed to properly address its petition to the BOPTA clerk as required by ORS 309.100(2). The court has no authority to ignore or modify the statutory requirement. The court has no authority to consider Plaintiff's appeal because Plaintiff lacks good and sufficient cause for failing to timely pursue its statutory remedy with the BOPTA. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted.
Dated this ___ day of May 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This Decision was signed by Presiding Magistrate Jill A.Tanner on May 28, 2010. The court filed and entered this Decisionon May 28, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.