IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

CHRIST GOSPEL CHURCH OF )
PORTLAND, )
)
       Plaintiff, ) TC-MD 120512D
)
   v. )
)
WASHINGTON COUNTY ASSESSOR, )
)
      Defendant. ) **DECISION**

Plaintiff appealed Defendant's denial of property tax exemption for property identified as

Account R764408 (subject property) for the 2010-11 and 2011-12 tax years. This matter was

submitted to the court on cross-motions for summary judgment. The parties did not request oral

argument.

## I. STATEMENT OF FACTS

Plaintiff entered into a sublease for the subject property in December 2009. (Stip Facts

12.) Even though advised by the "property management company * * * to get their exemption

paperwork in order," Plaintiff "was unaware that a separate filing was required by the County

Assessor" for the subject property to be exempt from property taxation. (Stip Facts 5.)

In November 2010 and November 2011, Defendant mailed an annual property tax

statement to Plaintiff's lessor. (Stip Facts 7-8.) Plaintiff "was not given a copy of this notice or

made aware of its existence in any way. Christ Gospel continued to believe that all tax

exemption paperwork had been taken care of." (*Id*.) Defendant had no knowledge that Plaintiff

"was occupying the property." (Stip Facts 11.)

On March 9, 2012, Plaintiff "submitted an application for exemption under ORS 307.112,

including late filing fees for the 2010/11 and 2011/12 tax years. This application was denied

based on the fact that while Christ Gospel qualified under ORS 307.162 as a first-time filer, a tax bill had been sent both years to the property owner, therefore disqualifying Christ Gospel's eligibility for exemption for those years." (Stip Facts 14.)

## II.  ANALYSIS

The issue before the court is whether Plaintiff's application for 2010-11 and 2011-12 property tax exemption for the subject properties under ORS 307.130 was timely filed under ORS 307.162. The parties filed cross-motions for summary judgment.  The standard for summary judgment is provided by Tax Court Rule (TCR) 47 C,[1] which provides in pertinent part:

> "The court shall grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

A taxpayer seeking an exemption under ORS 307.130 must file an application pursuant to the provisions of ORS 307.162.[2]  ORS 307.130 provides, in relevant part: "Upon compliance with ORS 307.162, the following property owned or being purchased by * * * benevolent, charitable and scientific institutions shall be exempt from taxation[.]"  ORS 307.162(1)(b) states: "If the ownership of all property included in the claim filed with the county assessor for a prior year remains unchanged, a new claim is not required."  ORS 307.162(1) provides, in relevant part:

/ / /

---

[1] TCR 47 is made applicable through the Preface to the Magistrate Division Rules, which states in pertinent part, that "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant."

[2] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2009.

"*Before any real or personal property may be exempted from taxation under ORS * * * 307.130 * * * for any tax year*, the institution or organization entitled to claim the exemption must file a claim with the county assessor, *on or before April 1 preceding the tax year for which the exemption is claimed.* The claim must contain statements * * * [l]ist[ing] all real property claimed to be exempt and show the purpose for which the real property is used[.]"

ORS 307.162(1) (emphasis added). ORS 307.162(2)(a) allows for late filing of an application:

"Notwithstanding subjection (1) of this section, a claim may be filed under this section:

"(A) *On or before December 31 of the tax year for which the exemption is claimed*, if the claim is accompanied by a late filing fee of the greater of $200, or one-tenth of one percent of the real market value as of the most recent assessment date of the property to which the claim pertains.

"(B) *On or before April 1 of the tax year for which the exemption is claimed*, if the claim is accompanied by a late filing fee of $200 and the claimant demonstrates good and sufficient cause for failing to file a timely claim, is a first-time filer or is a public entity described in ORS 307.090."

(Emphasis added.)

The "tax year" is a fiscal year that begins on July 1 and ends 12 months later on June 30. ORS 308.007(1)(c). For the 2010-11 tax year, the "tax year" began on July 1, 2010, and ended June 30, 2011. For the 2011-12 tax year, the "tax year" began on July 1, 2011, and ended June 30, 2012.

ORS 307.162 was amended in 2011 to include a provision allowing taxpayers to file a claim "for the five tax years prior to the current tax year" under limited circumstances:

"Notwithstanding subsection (1) of this section, a claimant that *demonstrates good and sufficient cause* for failing to file a timely claim, *is a first-time filer* or is a public entity described in ORS 307.090 may file a claim under this section for the five tax years prior to the current tax year:

"(i) Within 60 days after the date on which the county assessor mails notice of additional taxes owing under ORS 311.206 for the property to which the claim filed under this subparagraph pertains; or

"(ii) At any time if no notice is mailed."

ORS 307.162(2)(b)(A) (2011) (emphasis added).

Plaintiff[3] filed its application for the 2010-11 and 2011-12 tax years on March 9, 2012. Plaintiff's 2010-11 and 2011-12 applications for property tax exemption were filed during the 2011-12 tax year. For both tax years, Plaintiff's application was filed after the December 31 deadline. ORS 307.162(2)(a)(A). For tax year 2010-11, Plaintiff's application was filed after the April 1 deadline. ORS 307.162(2)(a)(B). For tax year 2011-12, Plaintiff's application was filed before the April 1 deadline. *Id*.

The 2011 amendments to ORS 307.162 were effective for "property tax years beginning on or after July 1, 2011," stating that a claimant may file a claim for five years prior to the current tax year. Or Laws 2011, ch 655, § 4. Plaintiff's claim was filed on March 9, 2012, after the effective date of the amendments. The 2010-11 tax year is within the referenced five year period. The 2011 amendments are applicable to Plaintiff's application for the 2010-11 tax year.

A.      *Good and sufficient cause*

Both ORS 307.162(2)(a)(B) (2009) and the 2011 amendment to ORS 307.162 require that a taxpayer "demonstrates good and sufficient cause for failing to file a timely claim." "Good and sufficient cause" [is defined as] 'an extraordinary circumstance beyond the control of the taxpayer or the taxpayer's agent or representative that causes the failure to file a timely claim." ORS 307.162(3)(b)(A). It "does not include hardship, reliance on misleading information unless the information is provided by an authorized tax official in the course of the official's duties, *lack of knowledge*, oversight or inadvertence." ORS 307.162(3)(b)(B) (emphasis added).

---

[3] Plaintiff is not a public entity.

Plaintiff stated that "[h]ad we known a separate application for property tax exemption was necessary, we would have submitted it and likely been granted exemption from July 2010 onward." (Ptf's Mot for Summ J at 2.) Even though advised by the "property management company * * * to get their exemption paperwork in order," Plaintiff stated that "Christ Gospel believed that all tax exemption paperwork necessary had been completed after the federal 501(c)(3) was obtained and was unaware that a separate filing was required by the County Assessor." (Stip Facts 5.) Unfortunately, Plaintiff's lack of knowledge ("unaware") does not meet the statutory requirement of an extraordinary circumstance beyond its control. Plaintiff has not demonstrated good and sufficient cause.

B.    *First-time filer*

Both ORS 307.162(2)(a)(B) (2009) and the 2011 amendment to ORS 307.162 allow a first time filer to qualify for late filing of an application. Plaintiff alleges that it is a first-time filer. A first-time filer is defined as "a claimant that:

> "(A) Has never filed a claim for the property that is the subject of the current claim; and

> "(B) Did not receive notice from the county assessor on or before December 1 of the tax year for which exemption is claimed regarding the potential property tax liability of the property."

ORS 307.162(3)(a)(A-B).[4]

A "first-time filer" must meet *both* of the requirements under ORS 307.162(3)(a) because they are joined by the word "and"; thus, the requirements are conjunctive. *See Preble v. Dept. of Rev.*, 331 Or 320, 324-25, 14 P3d 613 (2000) (use of the word "and" to connect three statutory requirements "indicates that they are not alternatives").

---

[4] The definition of "first-time filer" is identical in the 2009 and 2011 versions of ORS 307.162.

The parties agree that prior to its March 9, 2012, application Plaintiff had "never filed a claim for the property that is the subject of the current claim." ORS 307.162(3)(a). The question is whether Plaintiff received "notice" from Defendant, on or before December 1, 2011, of the "potential property tax liability" of the subject properties.

ORS 307.162 includes several references to "notice." "Notice" is not defined in the statute. In a recent decision, *Eighth Church of Christ Scientist v. Multnomah County Assessor* (*Eighth Church*), TC-MD 120116N at 7-9 (Nov 20, 2012), the court analyzed notice, looking at the dictionary definition and legislative history hearings of both the House Revenue Committee and the Senate Finance and Revenue Committee during the 2009 legislative session. The court concluded that:

> "The legislative history of HB 2700 (2009) suggests that the legislature intended 'notice' in the 'first-time filer' definition to refer to actual knowledge possessed by the claimant of 'the potential property tax liability of the property.' ORS 307.162(3)(a)(B). The claimant may receive 'notice' through a phone call or letter from the county assessor or through receipt of a property tax statement."

*Id.* at 8.

The parties dispute that Plaintiff received notice from the county assessor. Plaintiff stated that:

> "Prior to February 2012, we were not informed by Washington County or our landlord that our landlord was accruing taxes over the last two years for our portion of the building. Once we were made aware of the necessity of our application to Washington County for property tax exemption, we applied for, and have since been granted, property-tax exemption for 2012-13."

(Ptf's Mot for Summ J at 2.)

Defendant stated that "property tax statements were sent timely to the property owner, the Plaintiff's lessor, Garner Green, LLC, for both the 2010/11 and 2011/12 tax years. * * * Plaintiff agrees in the stipulated facts that it did not notify the Assessor of its sublease. * * * The property

/ / /

DECISION  TC-MD 120512D                                                              6

owner was clearly aware of the exemption cancellation when it received annual property tax statements." (Def's Cross-Mot for Summ J at 3.)

In this case, the claimant referenced above is the Plaintiff (lessee), not the property owner.[5] Plaintiff states that it had no notice prior to February 2012. There is no evidence to the contrary.

Plaintiff meets the statutory requirements of a first-time filer. *See* ORS 307.162(3)(a). Plaintiff's application with required late fee for the 2011-12 tax year was filed before April 1, 2012. *See* ORS 307.162(2)(a). For tax year 2010-11, Plaintiff meets the statutory requirements of ORS 307.162(2)(b)(A) (2011).

### III. CONCLUSION

After careful review of the evidence, the court concludes that Plaintiff's appeal of Defendant's denial of property tax exemption for property identified as Account R764408 (subject property) for the 2010-11 tax year and 2011-12 tax year is granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's motion for summary judgment is granted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[5] HB 2700 legislative history recites lengthy discussions of qualifying tenants. *See* e.g., May 13, 2009 testimony discussing landlord/tenant.

IT IS FURTHER DECIDED that Defendant's cross motion for summary judgment is denied.

Dated this ____ day of January 2013.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on January 7, 2013.  The Court filed and entered this document on January 7, 2013.*