IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

GREGORY J. ALAND            )
and THERESA R. ALAND,       )
                            )
            Plaintiffs,     )      TC-MD 120592N
                            )
      v.                    )
                            )
LINCOLN COUNTY ASSESSOR,    )
                            )
            Defendant.      )      **DECISION**

Plaintiffs appeal from Defendant's Notice of Disqualification, dated May 15, 2012,

disqualifying 18.80 acres of land (subject property) from exclusive farm use special assessment

for the 2012-13 tax year. A telephone trial was held on January 7, 2013. Plaintiff Gregory J.

Aland (Aland) appeared and testified on behalf of Plaintiffs. Kristin H. Yuille, Assistant County

Counsel, appeared on behalf of Defendant. Stuart Cowie (Cowie), Senior Planner, Lincoln

County Planning Department (Planning Department), testified on behalf of Defendant. Justin

Reed (Reed), farm/forest appraiser, also testified on behalf of Defendant. Plaintiffs' Exhibits 1

through 5 and Defendant's Exhibits A through L were received without objection.

## I.  STATEMENT OF FACTS

On April 19, 2011, Plaintiffs "filed an application * * * with the Lincoln County

Planning Division requesting a conditional use permit [CUP] for the purpose of establishing a

non-farm dwelling on [their] property." (Def's Ex D at 1.) Cowie testified that, upon approval

of Plaintiffs' CUP to construct a non-farm dwelling, he notified Defendant of the CUP through

an internal county memo, dated February 29, 2012. (Def's Ex G.) The internal memo stated

that, on February 8, 2012, "the Lincoln County Planning Division granted a conditional use

approval on" the subject property for an "A-C Zone Non-farm Dwelling." (*Id.* at 1.)

On May 15, 2012, Defendant issued a Notice of Disqualification, which stated:

"In compliance with ORS 308A.718 and 308A.724, this is official notification
that the special assessment of 18.80 acres of land assessed as Exclusive Farm Use
on the above real property account(s) has been disqualified by the assessor for the
following reason:

"The land is no longer qualified because the land has changed to a non-qualifying
use such as residential, commercial, industrial or a conservation easement, in
perpetuity restricting the current employment and profit requirements of farmland
(ORS 308A.056), has been recorded. The land has been disqualified from special
assessment under Exclusive Farm Use ORS 308A.113(1)(c) Establishing a
nonfarm dwelling on the land under ORS 215.236."

(Ptfs' Compl at 2.) The notice further stated that, as a result of disqualification, an "[a]dditional

tax" of $2,846.17 as required by ORS 308A.700 to ORS 308A.733 was imposed. (*Id.* at 3.)

Aland testified that Plaintiffs object to both the disqualification of the subject property

and to the imposition of additional taxes. He testified that Plaintiffs object to the disqualification

because Plaintiffs have been farming the subject property continuously since they purchased it.

Aland testified that Plaintiffs previously had a few cows and, as of the date of trial, were farming

hay. Additionally, he testified that nearby properties that have dwellings have been allowed to

maintain special assessment.

Cowie testified that many neighboring properties have "legal" dwellings, whereas the

subject property does not have a "legal" dwelling. Reed and Aland both testified that the subject

property previously included a "bootlegged" dwelling located within a general purpose building

on the subject property. Reed testified that the "bootlegged" dwelling included a stove, kitchen

area, and sleeping loft. He testified that one acre of the subject property had been removed from

special assessment around 1988 when septic and electricity were extended to the general purpose

structure. Reed testified that the residential improvements in the general purpose structure were

removed at some point after Plaintiffs' purchase of the subject property.

Aland testified that he does not recall being told that Plaintiffs would owe "back taxes" and he does not understand what authority supports the imposition of "back taxes." He disputes whether Cowie or any other employee of the Planning Department informed him that he would owe "back taxes" upon approval of the CUP.

Cowie testified that there are various way to qualify for a permit to build a residential dwelling on farm property. He testified that Plaintiffs did not meet the farm income requirement for a "farm dwelling," so the option open to them was a "non-farm dwelling." Cowie testified that one of the requirements for a "non-farm dwelling" is disqualification from farm use special assessment. He testified that he completed a "Staff Report," a copy of which was sent to Plaintiffs. (Def's Ex E.) Cowie noted that the Staff Report included the following statement under the heading "Additional Tax Payment Requirements":

> "Any conditional use approval for a non-farm use in the A-C zone shall be required as a condition that, prior to final permit approval, verification be provided from the Lincoln County Assessor that any additional taxes imposed on the change in use have been paid. The parcel is receiving special tax assessment for exclusive farm use. The applicant is aware that upon approval special assessment will no longer be available to the property."

(Def's Ex E at 10-11.)

Reed testified that Defendant imposed 10 years of "back taxes" because the subject property is located in the exclusive farm use zone and outside of the urban growth boundary. He testified that back taxes are required by statute because Plaintiffs received a permit to construct a non-farm dwelling. Reed provided the "DECLASS WORKSHEET SUMMARY 2012-13" that he used to determine the additional taxes due for the subject property. (Def's Ex I.) He testified that additional taxes were not imposed for the one acre of the subject property previously removed from special assessment. (*See id.* at 1 (stating that 4.0 of 5.0 acres are "declass[ed]").)

/ / /

## II. ANALYSIS

Plaintiffs challenge the disqualification of the subject property from exclusive farm use special assessment for the 2012-13 tax year and the imposition of additional taxes.

A.    *Disqualification of the subject property from exclusive farm use special assessment*

The subject property previously received special assessment as exclusive farm use zoned farmland under ORS 308A.062.[1]  Defendant disqualified the subject property pursuant to ORS 308A.113(1), which states:

> "Land within an exclusive farm use zone *shall* be disqualified from special assessment under ORS 308A.062 by:
>
> > "(a) Removal of the special assessment by the assessor upon discovery that the land is no longer being used as farmland;
> >
> > "(b) Removal of the land from any exclusive farm use zone; or
> >
> > "(c) Establishing a non-farm dwelling on the land under ORS 215.236."

(Emphasis added.)  "The county assessor shall send notice as provided [in ORS 308A.718] if land is disqualified under * * * [f]arm use special assessment under ORS 308A.050 to 308A.128."  ORS 308A.718(1)(a).  " 'Shall' is a command: it is 'used in laws, regulations, or directives to express what is mandatory.' "  *Preble v. Dept. of Rev.*, 331 Or 320, 324, 14 P3d 613 (2000) (citations omitted).

It is clear from the language of ORS 308A.113(1) that property receiving exclusive farm use special assessment must be disqualified if "a non-farm dwelling" is established on the land "under ORS 215.236."  Defendant disqualified the subject property from farm use special assessment following the approval of Plaintiffs' CUP under ORS 215.236 to establish a non-farm dwelling.  ORS 215.236(4) states:

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011.

"The owner of a lot or parcel upon which the establishment of a dwelling has been tentatively approved as provided by subsection (3) of this section shall, before final approval, simultaneously:

> "(a) Notify the county assessor that the lot or parcel is no longer being used as farmland or for other specially assessed uses described in subsection (2) or (3) of this section;
>
> "(b) Request that the county assessor disqualify the lot or parcel from special assessment under ORS 308A.050 to 308A.128, 308A.315, 321.257 to 321.390, 321.700 to 321.754 or 321.805 to 321.855; and
>
> "(c) Pay any additional tax imposed upon disqualification from special assessment."

Plaintiffs acknowledge that ORS 215.236(4) requires "[t]he owner of a lot or parcel upon which the establishment of a dwelling has been tentatively approved" to "[n]otify the county assessor that the lot or parcel is no longer being used as farmland" and "[r]equest that the county assessor disqualify the lot or parcel from special assessment." However, Plaintiffs argue that they did not notify Defendant of the CUP or request disqualification and, therefore, it was improper for Defendant to disqualify the subject property from special assessment. This court has previously addressed a similar argument to that made by Plaintiffs:

> "ORS 215.236(4) requires the owner of the land to notify the assessor that the land is no longer being used for farm use and *request disqualification,* which was not done. Failure to comply with this statute, whether by taxpayer or his predecessor in interest, cannot afford taxpayer greater remedies than if he had complied."

*Mark v. Dept. of Rev.*, 14 OTR 467, 474-75 (1998) (emphasis in original). Plaintiffs' failure to comply with the mandatory requirements of ORS 215.236(4)(a) does not remove the requirement that Defendant disqualify the subject property from special assessment under ORS 308A.113(1).

The court finds that Defendant did not err in disqualifying the subject property from exclusive farm use special assessment under ORS 308A.113(1) for the 2012-13 tax year.

/ / /

B.     *Imposition of additional taxes following disqualification*

Plaintiffs dispute Defendant's imposition of additional taxes following disqualification of the subject property from exclusive farm use special assessment. Aland stated at trial that he does not understand what authority supports the imposition of additional taxes.

"Upon disqualification, additional taxes shall be determined as provided in ORS 308A.700 to 308A.733." ORS 308A.113(5). "Following a disqualification" from "exclusive farm use zone farmland" special assessment, "an additional tax shall be added to the tax extended against the land on the next assessment and tax roll * * *. The additional tax shall be equal to the difference between the taxes assessed against the land and the taxes that would otherwise have been assessed against the land, for each of the number of years determined under subsection (3) of this section." ORS 308A.703(1)(a), (2). ORS 308A.703(3) states, in part:

> "The number of years for which additional taxes shall be calculated *shall* equal the lesser of the number of consecutive years the land had qualified for the special assessment program for which disqualification has occurred or:
>
> > "(a) Ten years, in the case of exclusive farm use zone farmland, but only if the land, immediately following disqualification, remains outside an urban growth boundary."

Reed testified that Defendant imposed 10 years of "back taxes" because the subject property is located in the exclusive farm use zone and outside of the urban growth boundary. He testified that additional taxes were not imposed for the one acre of the subject property that was previously removed from special assessment. Based on the evidence presented, Defendant correctly determined the additional taxes required under ORS 308A.113(5) and ORS 308A.703. "Use of the word 'shall' makes clear that the addition of the taxes is mandatory." *Michel v. Jackson County Assessor*, TC-MD No 070674C, WL 4224968 at *2 (Nov 19, 2007). Under some circumstances, "the additional taxes described under ORS 308A.703 may not be imposed

and shall remain a potential tax liability[.]" ORS 308A.706. There is no evidence that any of the circumstances described in ORS 308A.706 are satisfied here. The additional taxes imposed by Defendant were required under ORS 308A.703. The court is not aware of any exception to the imposition of the additional tax in this case. The additional tax was lawfully imposed under ORS 308A.703(2) and Plaintiffs' request for relief from that tax must be denied.

III. CONCLUSION

After carefully considering the testimony and evidence presented, the court finds that Defendant did not err in disqualifying the subject property from exclusive farm use special assessment under ORS 308A.113(1) for the 2012-13 tax year. The court further finds that additional tax was lawfully imposed under ORS 308A.703(2). Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ____ day of March 2013.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Allison R. Boomer on March 1, 2013. The court filed and entered this Decision on March 1, 2013.*