IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JERRY NIEMEYER                          )
and DELORES NIEMEYER,                    )
                                        )
            Plaintiffs,                 )       TC-MD 120853D (Control);
                                        )               130256D
      v.                                )
                                        )
JACKSON COUNTY ASSESSOR,                 )
                                        )
            Defendant.                   )       **DECISION**

This matter is before the court on Plaintiffs' Motion for Summary Judgment, filed

May 10, 2013. Defendant filed its Answer to Motion for Summary Judgment on May 28, 2013.

Oral argument was held on June 17, 2013. Eric Lee Niemeyer, Attorney at Law, appeared on

behalf of Plaintiffs. David B. Arrasmith, Deputy Assessor, appeared on behalf of Defendant.

Plaintiffs filed their Response to Defendant's Supplemental Information and Amended

Motion for Summary Judgment and Request for Attorney Fees and Costs (Amended Motion for

Summary Judgment) including documents labeled Discovery A through Discovery H on June 24,

2013. Defendant filed its Response to Plaintiffs' June 21, 2013, motion (Response) on June 26,

2013. Plaintiffs filed their Rebuttal to Defendant's Response to Plaintiffs' Amended Motion for

Summary Judgment (Rebuttal) on July 1, 2013.

On July 2, 2013, Plaintiffs filed Plaintiffs' Brief Concerning Applicability of

ORS 305.288 to Commercial Property (Brief). Plaintiffs' Brief is not applicable to the issue

raised in Plaintiffs' Amended Motion for Summary Judgment.

In their Amended Motion for Summary Judgment, Plaintiffs allege that the "Court should

grant Plaintiff[s'] amended motion for summary judgment for TAX YEARS [2010-11, 2011-12

and 2012-13] because Defendant did not comply with the law [ORS 311.205(2)(a)] when

attempting to correct tax roll errors. The law requires written direction for a proposed tax roll correction that must contain *both* the type of error sought to correct *and* statutory authority for the correction. Defendant has failed to produce evidence they complied with the law which invalidates the proposed tax roll corrections." (Ptfs' Amended Mot for Summ J at 3 (emphasis in original).) Plaintiffs request that the court "set[] the assessed value[](AV) on TL 12202[](PROPERTY) for tax years 2010-11, 2011-12 and 2012-2013 (TAX YEARS) at $51,950, $53,500 and $55,105 respectively, and ask for attorney fees and costs." (*Id*. at 1.)

## I. STATEMENT OF FACTS

Plaintiffs appeal a Notice of Value Change (Notice) for tax years 2010-11 and 2011-12. (Ptfs' Compl at 1.) The Notice was sent on September 24, 2012, allowing Plaintiffs until October 15, 2012, to contest Notice with the Jackson County Assessor. (*Id.* at 2.) Plaintiffs contested the Notice. Defendant sent a letter dated October 8, 2012, to Plaintiffs, stating that Plaintiffs could appeal its determination within 90 days from the date of the letter to the Magistrate Division of the Oregon Tax Court. (*Id.* at 1, 3.) Plaintiffs' Complaint was filed with this court on December 24, 2012, within 90 days of the date of Defendant's October 8, 2012, letter. (*Id.* at 1.)

Plaintiffs allege "Defendant's attempt to correct the tax rolls does not comply with the law." (Ptfs' Amended Mot for Summ J at 1.) Plaintiffs cite ORS 311.205(2)(a). Plaintiffs allege that because Defendant's "direction for the correction" (written direction) did not state the type of error nor the statutory authority for a change to the tax roll, any resulting changes are invalid. (Ptfs' Amended Mot for Summ J at 2-3.)

Defendant responded, stating that the written direction is "a record keeping or bookkeeping notation that provides historic documentation to any changes made in the tax

roll[,]" adding that "the taxpayer would not have knowledge of this writing." (Def's Resp at 1-2.) Defendant stated that the written direction is sufficient for its understanding with the county tax collector and "would pass an audit by [the Department of Revenue]," adding "[i]f the legislature intended for the taxpayer to be so notified then the statute would have included that the taxpayer must receive copies of these writings and notified of the appeal rights if aggrieved." (*Id*. at 1-2.) Defendant attached to its Response "Discovery Document * * * <u>PROCEDURE FOLLOWED</u>[,]" stating:

> "1. The Assessor's office discovers the error and enters the corrected values into the office software. A log entry is recorded and the file is saved as 'TEMP' (see vouchers: DISCOVERY D and DISCOVERY E) and a letter (NOTICE OF VALUE CHANGE) is mailed to the property owner (DISCOVERY F)

> "2. The Assessor's office sent a copy of the written September 24, 2012 letter (NOTICE OF VALUE CHANGE) to the Treasurer/Tax Collect[o]r's office (the officer in charge of the roll). The tax collector accepts or challenges the direction given by the Assessor's office, and enters additional information in the Tax Collector's office software. (DISCOVERY G and DISCOVERY H)[.]"

(Id. at 9.) Defendant's attachment labeled Real Voucher Listing for Real Account 10986154 for tax year 2011 and Real Voucher Listing for Real Account 10986154 for tax year 2010 stated that the reason for the change to the Account's maximum assessed value was "ERROR OF ANY KIND – INCREASE[.]" (*Id.* at 10-11, Discovery D and E.) Defendant admitted that reference to ORS 311.205(1)(b), the controlling statute, was not stated in the original written direction and was added by email on June 19, 2013. (Def's Resp at 1.) Defendant stated that "[i]f the court rules that Plaintiff[s] can be aggrieved by any incomplete writings * * * then Defendant requests that the court voids the original NOTICE of TAX ROLL correction process, and Defendant will restart the process after any corrections are made to the writing[s] * * *. Defendant requests that the court not rule on [real market value, maximum assessed value, or assessed value]." (*Id*. at 2.)

/ / /

Plaintiffs' Rebuttal stated that Defendant's email dated June 19, 2013, "does contain statutory authority for the corrections, however it does not contain the type of error Defendant seeks to correct." (Ptf's Rebuttal at 1.) Plaintiffs assert that "ORS 311.205 implies that written direction must come *before* the officer in charge of the roll can make the correction." (*Id*.)

## II. ANALYSIS

This matter is before the court on Plaintiffs' Amended Motion for Summary Judgment. The standard for summary judgment is provided by Tax Court Rule (TCR) 47 C,[1] which states in pertinent part:

> "The court shall grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

Plaintiffs challenge the validity of Defendant's Notice. A taxpayer aggrieved by a county's correction of a clerical error that adds value to the tax roll has 90 days to appeal the county's action. ORS 305.280(1).[2] ORS 311.223(4), which governs clerical error corrections, states in pertinent part:

> "Any person aggrieved by an assessment made under ORS 311.216 through 311.232 may appeal to the tax court within 90 days after the correction of the roll as provided in ORS 305.280 and 305.560."

"Because ORS 311.223(4) limits the appeal period to 90 days, in conjunction with ORS 305.280(1) it functions as a statute of limitations for omitted property appeals and clerical

---

[1] TCR 47 is made applicable through the Preface to the Magistrate Division Rules, which states in pertinent part, that "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant."

[2] All references to Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2011 because there are no material differences between the 2009 and 2011 editions.

error corrections." *Nicolynn Properties, LLC v. Benton County Assessor*, TC-MD 120757D, WL 425181 (Feb 4, 2013). If an appeal is filed within 90 days, it is within this statute of limitations and is filed timely. Plaintiffs' appeal of Defendant's Notice was filed within 90 days of the date of Defendant's second letter dated October 8, 2012, that upheld its original Notice. Plaintiffs' Complaint was filed timely.

ORS 311.205(1) states in pertinent part that:

"After the assessor certifies the assessment and tax roll to the tax collector, the officer in charge of the roll may correct errors or omissions in the roll to conform to the facts, as follows:

"(a) The officer may correct a clerical error. A clerical error is an error on the roll which either arises from an error in the ad valorem tax records of the assessor, or the records of the Department of Revenue for property assessed under ORS 306.126, or which is a failure to correctly reflect the ad valorem tax records of the assessor, or the records of the Department of Revenue for property assessed under ORS 306.126, and which, had it been discovered by the assessor or the department prior to the certification of the assessment and tax roll of the year of assessment would have been corrected as a matter of course, and the information necessary to make the correction is contained in such records. Such errors include, but are not limited to, arithmetic and copying errors, and the omission or misstatement of a land, improvement or other property value on the roll."

Defendant's Notice advised Plaintiffs of its correction to the 2010-11 and 2011-12 tax year rolls. Under ORS 311.205(1), Plaintiffs were aggrieved by a change in the maximum assessed value of their property for tax years 2010-11 and 2011-12.

ORS 311.205(2)(a) directs how corrections to the roll can be made and states that:

"The officer in charge of the roll shall make corrections with the assent and concurrence of the assessor or the department. The direction for the correction shall be made in writing and state the type of error and the statutory authority for the correction. Corrections may be made to the roll for any year or years not exceeding five years prior to the last roll so certified."

ORS 311.205(2)(a) requires that a written direction include the statutory authority and type of error, stating in pertinent part that "[t]he direction for the correction *shall* be made in writing and state the type of error and the statutory authority for the correction." (Emphasis

added.) The word "shall" mandates a written direction to include the type of error and the statutory authority for the correction. *See Preble v. Dept. of Rev.* (*Preble*), 331 Or 320, 324, 14 P3d 613, 615 (2000) (stating that " '[s]hall' is a command: it is 'used in laws, regulations, or directives to express what is mandatory.' ")

According to Defendant's "<u>PROCEDURE FOLLOWED</u>[,]" Defendant's written direction to the officer correcting the tax roll stated that the reason for the increase to Plaintiffs' property's maximum assessed value was "ERROR OF ANY KIND – INCREASE." In Defendant's Notice to Plaintiffs, which it sent "to the Treasurer/Tax Collect[o]r's office (the officer in charge of the roll)[,]" the Notice stated that the "Explanation for Value Change: Error of Any Kind * * * Account was balanced for 2007. In 2008 ORCATS should have deleted old MAV and CPR'd a new MAV." (Def's Resp at 9-12, Discovery Document and Discovery D, E, F.) Defendant's written direction did not state the type of error required by ORS 311.205(2)(a). The statutory reference to type of error is defined in OAR 150-311.205(1)(a):

> "Clerical errors are those procedural or recording errors which do not require the use of judgment or subjective decision making for their correction. *A clerical error is an arithmetic or copying error or an omission on the roll or misstatement of property value* that is apparent from assessor office records without speculation or conjecture, assumption or presumption, and that is correctable without the use of appraisal judgment or the necessity to view the property."

(Emphasis added.) Four types of clerical errors are listed: arithmetic, copying, omission, and misstatement. Defendant's written direction in its referenced "log entry" was "Error of Any Kind." "Error of Any Kind" is non-specific and does not qualify as arithmetic, copying, omission, or misstatement. In its Notice, Defendant repeated that the "Explanation for Value Change" was "Error of Any Kind," adding that the "Account was balanced for 2007" and noting what action should have been completed in 2008. (Def's Resp at 12, Discovery F.) It could be

/ / /

inferred that the error was a "misstatement of property value," but the Notice and written direction to the officer in charge of the roll did not specifically state the type of error.

In its Response, Defendant acknowledged that the written direction in its original Notice did not contain the statutory authority to make the correction. Defendant stated that the "reference to ORS 311.205(1)(b), the controlling statute, was not present in the original written direction and was added by email on June 19, 2013." (Def's Resp at 1.) Plaintiff alleges that "ORS 311.205 implies that written direction must come *before* the officer in charge of the roll can make the correction." (Ptfs' Rebuttal at 1.)

"Direction" is defined as "an explicit instruction." *Webster's Third New International* 640 (unabridged ed 2002). A written direction is "an explicit instruction," that ORS 311.205(2)(a) must include the statutory authority for the action being directed. The court agrees with Plaintiffs that the written direction precedes the action and cannot be provided after the action has been taken. Defendant admitted that its written direction omitted the statutory authority authorizing its correction. (Def's Resp at 1.)

Defendant's written direction does not meet the statutory requirement because it failed to clearly state the type of error and the statutory authority for the correction. Defendant requests that "[i]f the court rules that Plaintiff[s'] can be aggrieved by any incomplete writings * * * then Defendant requests that the court void the original NOTICE of TAX ROLL correction process, and will restart the process after any corrections are made to the writing[s] * * *. Defendant requests that the court not rule on [real market value, maximum assessed value, or assessed value]." (*Id*. at 2.)

/ / /

/ / /

The result of Defendant's failure to follow the statutory requirements of ORS 311.205(2)(a) is that Defendant's Notice is not valid. Plaintiffs are "entitled to summary judgment in their favor." *Preble* at 331 Or at 326.

Plaintiffs request that the court grant its request for attorney fees, stating:

> "The Court should award attorney fees and costs to Plaintiffs for this proceeding because the law allows it and Plaintiffs made numerous requests for discovery which Defendant refused. Furthermore, Plaintiffs will incur additional fees and costs defending further action Defendant may take to correct alleged errors in the tax roll."

(Ptfs' Rebuttal at 1-2.) Plaintiffs allege that the court should award attorney fees and costs because "the law allows it[.]" (*Id*.) Plaintiffs cite no authority for the assertion that the law allows the Magistrate Division to award attorney fees and costs to Plaintiffs. Plaintiffs request that the court award attorney fees and costs in anticipation of Defendant's "further action" to "correct alleged errors in the tax roll." (*Id*.) Plaintiffs' request is based on speculation and the court will not make an award on that basis.

## III.  CONCLUSION

After careful consideration of the evidence submitted by the parties, the court concludes that by placing the word "shall" in ORS 311.205(2)(a), it was the legislature's intent that all elements of ORS 311.205(2)(a) be present in a written direction. Defendant's written direction to the officer in charge of the tax roll failed to meet the statutory requirements of ORS 311.205(2)(a). Defendant's Notice is not valid, making the changes to the 2010-11 and 2011-12 tax rolls for the maximum assessed value of Plaintiffs' property identified as Account 10986154 without merit. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' Amended Motion for Summary Judgment is granted in part as set forth above.

/ / /

IT IS FURTHER DECIDED that Plaintiffs' request for attorney fees and costs is denied.

IT IS FURTHER DECIDED that the trial scheduled for July 15, 2013, is canceled.

IT IS FURTHER DECIDED that the Jackson County Board of Property Tax Appeals Order for tax year 2012-13 is incorrect because the maximum assessed value is based on a three percent increase to the 2011-12 maximum assessed value stated in Defendant's Notice that this court determined is not valid. Defendant must correct the maximum assessed value of Plaintiffs' property identified as Account 10986154 for the 2012-13 tax roll in accordance with this Decision.

Dated this ___ day of July 2013.


_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

**This document was signed by Presiding Magistrate Jill A. Tanner on July 9, 2013. The Court filed and entered this document on July 9, 2013.**