IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

LEON L. KINCAID )
and APRIL L. KINCAID, )
 )
       Plaintiffs, ) TC-MD 120765D
 )
    v. )
 )
JACKSON COUNTY ASSESSOR, )
 )
       Defendant. ) **DECISION**

Plaintiffs seek forestland homesite special assessment for their property identified as Account 10795223 (Tax Lot 208) for tax years 2002-03 through 2011-2012. A telephone trial was held on January 16, 2013. Leon L. Kincaid (Plaintiff) appeared and testified on behalf of Plaintiffs. Lorrie Williams (Williams), Appraiser II, Farm & Forest, Jackson County, appeared and testified on behalf of Defendant.

Plaintiffs' Exhibits A through C and Defendant's Exhibits A through T were admitted without objection.

## I. STATEMENT OF FACTS

The parties agree that 9.98 acres of the subject property was designated forestland ("rural tract") by Defendant no later than January 1991. (Def's Ex E at 3.) Plaintiff had knowledge of Defendant's designation no later than September 4, 2000, when Steve Bridges (Bridges) prepared a "Forest Stocking Survey and Stand Analysis" for the subject property. (Def's Ex H at 2.) On November 27, 2012, Bridges wrote to Williams, stating that "when" he "completed that survey" he "used the County Assessor's Office estimate of 9.98 acres" and the subject property "has had more than the required 10.01 acres of forest land for many decades." (Ptfs' Ex C.)

/ / /

The parties agree that "[q]ualifying home sites used in conjunction with more than 10 acres of qualifying forestland receive special assessment for the land under the dwelling." (Ptfs' B at 4.) Plaintiff stated that "the Designated Forestland and the Forester Occupied Homesite are not the same program" and he "would certainly have applied for the Forester Occupied Homesite if I had known of that program." (*Id*. at 2.) Plaintiff testified that:

> "In 2011, the Assessor's Office supported my neighbor, James Crary, in his request for retroactive payment. The difference between his request and mine is that the Assessor's records showed more than 10 acres of designated forestland for Mr. Crary and 9.98 acres for my parcel. It is neither fair, just, nor consistent to allow a miscalculation by an unknown person at some past date prevent retroactive payment on my request."

(Ptfs' ltr dated Dec 4, 2012, to Williams at 2.)

## II. ANALYSIS

Two types of forestland exist in the western part of Oregon: (1) designated forestland, which requires an application by the property owner and approval by the assessor; and (2) land, the highest and best use of which is the growing and harvesting of trees of marketable species (HBU forestland). *See* ORS 321.257(2).[1] (Defining the two types of forestland.) ORS 321.257(2) defines forestland for purposes of Western Oregon forestland special assessment as "land in Western Oregon that is being held or used for the predominant purpose of growing and harvesting trees of a marketable species [that] has been designated as forestland." Land is designated as forestland under the provisions of ORS 321.257 to ORS 321.390 based upon the assessor's approval of an application filed by the landowner as provided in ORS 321.358. Under Oregon law, "[a]n owner of land desiring that it be designated as forestland shall make application to the county assessor * * *." ORS 321.358(1). Subsection (4) of that statute

___

[1] All references to Oregon Revised Statutes (ORS) are to 2011 and are applicable to all tax years before the court.

provides that the "assessor shall approve an application for forestland designation if the assessor finds that the land is properly classifiable as forestland. The county assessor shall not find land properly classifiable as forestland if * * * the land does not substantially meet minimum stocking or acreage requirements under rules adopted by the department." ORS 321.358(4)(b).

In interpreting ORS 321.358, the court looks to the leading case on statutory interpretation for guidance, *PGE v. Bureau of Labor and Industries* (*PGE*), 317 Or 606, 859 P2d 1143 (1993). "In interpreting a statute, the court's task is to discern the intent of the legislature." *Id*. at 610. The legislative intent is to be determined first from the text and context of the statute. *Id*. at 611. "[A]fter examining text and context," the court may consider legislative history that "appears useful to the court's analysis." *State v. Gaines* (*Gaines*), 346 Or 160, 172, 206 P3d 1042 (2009). Additionally, "words of common usage typically should be given their plain, natural, and ordinary meaning." *PGE*, 317 Or at 611.

ORS 321.358 specifically states that "[a]n owner of land desiring that it be designated as forestland shall make application to the county assessor on or before April 1 of the assessment year for which special assessment as forestland is first desired." " 'Shall' is a command: 'it is used in laws, regulations, or directives to express what is mandatory.' " *Preble v. Department of Revenue*, 331 Or 320, 324, 14 P3d 613 (2000) (citations omitted). The statute places the burden on the land owner to file an application, requesting that property be designated as forestland. There is no dispute that no later than January 1991, Defendant determined that 9.98 acres of the subject property was "properly classifiable as forestland." ORS 351.358(4)(b). For each of the tax years before the court, Plaintiffs did not file an application, requesting that additional acreage beyond the 9.98 acres be designated as forestland. Absent an application by Plaintiffs or a

/ / /

change in use, Defendant cannot change the portion of the subject property designated forestland.

Plaintiffs are seeking an increase in the portion of their property designated as forestland to qualify as a specially assessed forest homesite. ORS 308A.253(1) states in pertinent part that "[l]and under a dwelling that is used in conjunction with the activities customarily carried on in the management and operation of forestland held or used for the predominant purpose of growing and harvesting trees of a marketable species shall qualify for special assessment under ORS 308A.256." The special assessment is contingent upon the owner meeting the more stringent requirements for special assessment of the land under and around the home. Among those stricter requirements are that the owner have a minimum of more than 10 acres of land, that the land be zoned for forest use, that land has been designated as forestland under ORS 321.257 to 321.390, and that the land under the dwelling be used "in conjunction with the activities customarily carried on in the management and operation of forestland held or used for the predominant purpose of growing and harvesting trees of a marketable species * * *." ORS 308A.250(2); ORS 308A.253(1). In contrast to a property owner seeking designation as forestland, no application is required to receive the forest homesite special assessment. *See* OAR 150-308A.253.[2] If a property meets the statutory requirements, that property is specially assessed as a forest homesite.

In the case before the court, the subject property did not meet the statutory requirements. For all of the tax years at issue, Plaintiffs did not "have a minimum of more than 10 acres of land designated as forestland." ORS 308A.250(2). Plaintiffs never filed an application seeking

/ / /

---

[2] All references to Oregon Administrative Rules (OAR) are to 2011 and are applicable to all tax years before the court.

designation as forestland for the subject property in excess of the 9.98 acres designated as forestland. As previously stated, the burden is on the property owner to file an application.

Plaintiffs' neighbor, Crary, met the statutory requirements; Plaintiff stated that the "Assessor's records showed more than 10 acres of designated forestland for Mr. Crary [Crary]." (Ptfs' ltr dated Dec 4, 2012, to Williams at 2.) Defendant granted Crary forest homesite special assessment. There is no application requirement; a property must meet statutory requirements. Defendant cannot grant Plaintiffs' forest homesite special assessment because for the tax years before the court their property did not meet the statutory minimum of acres designated as forestland. If the subject property had more than 10 acres designated as forestland for the tax years before the court, Plaintiffs' would have been granted forest homesite special assessment without filing an application.

## III. CONCLUSION

After careful review of the testimony and evidence, the court concludes that because the number of acres designated forestland was less than 10 acres for each of the tax years before the court, the subject property does not qualify for forest homesite special assessment. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ____ day of March 2013.


_____
JILL A. TANNER
PRESIDING MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Presiding Magistrate Jill A. Tanner on March 4, 2013. The court filed and entered this Decision on March 4, 2013.*